A. Peter Rausch, Jr. (State Bar No. 127930)
LAW OFFICES OF A. PETER RAUSCH, JR.
1930 Tienda Drive, Suite 106
Lodi, California 95242
Telephone:   (209) 952-5000
Facsimile:   (209) 339-8505
E-Mail:      counsel@rausch.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CARMEN MENDEZ,
JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
KYLAND RILEY, ROSARIO SANCHEZ,
BERTHA MENDEZ, and DOMINGO MENDEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

## INTRODUCTION

This action involves the death of 15-year-old CARMEN MENDEZ caused by law enforcement officers employed by the CITY OF CERES, CERES POLICE DEPARTMENT, and Chief of Police BRENT SMITH.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4. Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, BERTHA MENDEZ, and DOMINGO MENDEZ submitted a government claim to the CITY OF CERES and CERES POLICE DEPARTMENT regarding the claims asserted herein mailed on October 3, 2018, and a first amended government claim mailed on October 11, 2018. Those claims were rejected.

## PARTIES

5. Plaintiff ESTATE OF CARMEN MENDEZ, the decedent ("CARMEN MENDEZ"), brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff JORGE MENDEZ, SR. brings this action on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, as a successor-in-interest. Plaintiff JORGE MENDEZ, SR.'s declaration regarding his status as one of CARMEN MENDEZ's successors-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

6. Plaintiff JORGE MENDEZ, SR. is a resident of the State of California, County of Stanislaus. Plaintiff JORGE MENDEZ, SR. brings this action (a) on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, in his representative capacity as successor-in-interest; and (b) on behalf of himself, in his individual capacity. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his father, Plaintiff JORGE MENDEZ, SR., and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

7. Plaintiff JORGE MENDEZ, JR. is a resident of the State of California, County of Stanislaus. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his brother, Plaintiff JORGE MENDEZ, JR., and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

8. Plaintiff KYLAND RILEY is a resident of the State of California, County of Stanislaus. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his brother, Plaintiff KYLAND RILEY, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

9. Plaintiff ROSARIO SANCHEZ is a resident of the State of California, County of Stanislaus. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his aunt, Plaintiff ROSARIO SANCHEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

10. Plaintiff BERTHA MENDEZ is a resident of the State of California, County of Stanislaus. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his grandmother, Plaintiff BERTHA MENDEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

11. Plaintiff DOMINGO MENDEZ is a resident of the State of California, County of Stanislaus. Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with his grandfather, Plaintiff DOMINGO MENDEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

12. Defendant CITY OF CERES is a "public entity" within the definition of Cal. Gov. Code §

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

811.2.

13. Defendant CERES POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

14. Defendant BRENT SMITH is, and at all times material herein was, a law enforcement officer and the Chief of Police for Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment. Defendant BRENT SMITH is sued in his individual capacity.

15. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants CITY OF CERES and/or CERES POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

16. The following allegations contained in paragraphs 17 through 26 are made on information and belief.

17. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

18. On or about Saturday, August 18, 2018, at approximately 3:00 p.m., approximately in the vicinity of the City of Hughson, within the County of Stanislaus, 15-year-old CARMEN MENDEZ was shot and killed by Defendant DOE 1, a police officer employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT.

19. CARMEN MENDEZ was a passenger inside of a vehicle pursued by law enforcement vehicles that eventually came to a stop near the intersection of Service Road and Sperry Road.

20. CARMEN MENDEZ exited the vehicle and ran on-foot towards a nearby olive orchard.

21. CARMEN MENDEZ was unarmed and non-threatening as he ran.

22. CARMEN MENDEZ was shot, from behind, several times by at least one police officer, Defendant DOE 1.

23. Defendant DOE 1 fired at CARMEN MENDEZ without prior warning, without

4

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

provocation, and without any reasonable fear of risk or threat to himself or to others.

24. Defendants DOE 2 to 25 failed to intercede when fired at CARMEN MENDEZ, despite having the opportunity to do so, or were meaningful participants to Defendant DOE 1's shooting CARMEN MENDEZ.

25. Other law enforcement officers at the scene reacted with anger to Defendant DOE 1's unnecessary shooting of CARMEN MENDEZ.

26. Defendant DOE 1's shooting resulted in physical injury and the death of CARMEN MENDEZ.

## POLICY OR CUSTOM ALLEGATIONS

27. Defendant BRENT SMITH, acting as Chief of Police, was a final policy-making authority for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Gov. Code § 38630(a) ("The police department of a city is under the control of the chief of police.").

28. Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

29. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

30. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

   i) Multiple settlements paid by or on behalf of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees to settle litigation. *See Moseley v. City*

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

*of Ceres*, E.D. Cal. Case No. 1:08-cv-00809-OWW-GSA (settlement of claims alleging that officers shot an unarmed fleeing man in his shoulder and lower back, as he was trying to climb a fence, and then, when he turned with his hands raised to surrender, the officers continued shooting, striking him in the arm and abdomen); *Garcia v. City of Ceres*, E.D. Cal. Case No. 1:08-cv-01720-LJO-SKO (settlement of claims alleging that officers unlawfully entered a residence, repeatedly struck, battered and assaulted multiple occupants, and falsely arrested the occupants); *Jimenez v. City of Ceres*, E.D. Cal. Case No. 1:13-cv-01200-LJO-SMS ($312,500 settlement to resolve claims alleging officer falsely arrested and broken the arm of a woman by slamming her forcefully against a patrol vehicle while she was handcuffed); *Brittson v. City of Ceres*, E.D. Cal. Case No. 1:04-cv-05368-LJO-DLB (settlement of claims alleging officers falsely arrested and used excessive force, including a taser, against a non-threatening disabled person); *Buckhanan v. Fisher*, E.D. Cal. Case No. 1:03-cv-06749-LJO (settlement of claims alleging officer assaulted, threatened, and pistol-whipping a non-threatening person, while a fellow officer stood by and did not intervene); *Cadwell v. City of Ceres*, E.D. Cal. Case No. 1:98-cv-06451-DLB (settlement of claims alleging that officer fatally shot an unarmed, fleeing parolee in the back).

ii) Prior incidents, complaints, and/or pending litigation against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees. *See Estate of Pimentel v. City of Ceres*, E.D. Cal. Case No. 1:18-cv-01203-DAD-EPG (pending litigation alleging officers fatally shot an unarmed, non-threating man inside of a vehicle with another unarmed, non-threating passenger sitting next to the decedent); *S.T. v. City of Ceres*, E.D. Cal. Case No. 1:16-cv-01713-LJO-BAM (pending litigation alleging officers fatally shot an unarmed, non-threating man who ran away from officers after they attempted to unlawfully detain him and failed to timely summon medical care following the shooting); *Moland v. City of Ceres*, E.D. Cal. Case No. 1:16-cv-01073-LJO-SKO & Stanislaus Cnty. Super. Ct. Case No. 2020043 (pending litigation alleging officer fatally shot a non-threatening man); *Lopez v. City of Ceres*, E.D. Cal. Case No. 1:18-cv-00354-

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

AWI-BAM (pending litigation alleging officers pulled a passenger from a vehicle and violently slammed him to the ground, without cause).

31. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

32. On information and belief, additional evidence and information related to Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50's policies, customs, or practices will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

**(Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

33. The First Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

34. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 32, to the extent relevant, as if fully set forth in this Claim.

35. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

36. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

37. Defendants BRENT SMITH and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

38. As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SECOND CLAIM

**Right of Familial Association, Companionship, and Society**

**(Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

39. The Second Claim is asserted by Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ against Defendants DOE 1 to 25.

40. Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 26, to the extent relevant, as if fully set forth in this Claim.

41. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force

8
COMPLAINT; DEMAND FOR JURY TRIAL
Estate of Mendez v. City of Ceres, United States District Court, Eastern District of California, Case No. _____

against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's constitutionally protected interest and right of familial association, companionship, and society with their child, sibling, nibling, or grandchild, in violation of their rights protected by the Fourteenth Amendment of the U.S. Constitution.

42. Defendants DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

43. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ pray for relief as hereunder appears.

### THIRD CLAIM

### Right of Association, Companionship, and Society

### (First and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

44. The Third Claim is asserted by Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ against Defendants DOE 1 to 25.

45. Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 26, to the extent relevant, as if fully set forth in this Claim.

46. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated though the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's constitutionally protected right of association, companionship, and society with their child, sibling, nibling, or grandchild, in violation of their rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

47. Defendants DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

48. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ pray for relief as hereunder appears.

## FOURTH CLAIM

**Unreasonable Force**

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

49. The Fourth Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

50. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 32, to the extent relevant, as if fully set forth in this Claim.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

51. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or aided and abetted the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by art. I, § 13 of the California Constitution.

52. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by art. I, § 13 of the California Constitution.

53. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH and DOE 1 to 50.

54. Defendants BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

55. As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

# FIFTH CLAIM

## Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. §§ 377.30, 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

<u>Unreasonable Force</u>

56. The Fifth Claim (for "Unreasonable Force") is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

57. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 38 and 49 to 55, to the extent relevant, as if fully set forth in this Claim.

58. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against CARMEN MENDEZ, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or art. I, § 13 of the California Constitution.

59. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

60. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH and DOE 1 to 50.

61. Defendants BRENT SMITH and DOE 1 to 50's actions and inactions constituted

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

62.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH and DOE 1 to 50.

<u>Right of Familial Association, Companionship, and Society</u>

63.     The Fifth Claim (for "Right of Familial Association, Companionship, and Society") is asserted by Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 25.

64.     Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 26 and 39 to 48, to the extent relevant, as if fully set forth in this Claim.

65.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or art. I, § 13 of the California Constitution, thereby depriving and interfering with Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's constitutionally-protected right of familial association, companionship, and society with their child, sibling, nibling, or grandchild, with specific intent to deprive rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, the Fourteenth Amendment of the U.S. Constitution, art. I, § 2 of the California Constitution, and/or art. I, 7(a) of the California Constitution.

66.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 25.

67. Defendants DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ.

68. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ suffered injuries entitling them to receive compensatory and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 25, and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ pray for relief as hereunder appears.

## SIXTH CLAIM

### Assault/Battery

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

69. The Sixth Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 25.

70. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 26, to the extent relevant, as if fully set forth in this Claim.

71. Defendants DOE 1 to 25 intentionally touched, or aided and abetted in the intentional touching of, CARMEN MENDEZ, without consent, and that touching constituted use of excessive and unreasonable force.

72. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 25.

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

73. Defendants DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

74. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 25, and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

75. The Seventh Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

76. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 32, to the extent relevant, as if fully set forth in this Claim.

77. Defendants DOE 1 to 25 owed CARMEN MENDEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against CARMEN MENDEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

78. Defendants BRENT SMITH and DOE 26 to 50 owed CARMEN MENDEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25, who were incompetent or unfit, and where Defendants BRENT SMITH and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25 created a particular risk or hazard that caused CARMEN MENDEZ's death.

79. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH and DOE 1 to 50.

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

80.     Defendants BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

81.     As a direct and proximate result of Defendants BRENT SMITH and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## EIGHTH CLAIM

### Wrongful Death

**(Cal. Code Civ. Proc. § 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

82.     The Eighth Claim is asserted by Plaintiff JORGE MENDEZ, SR. against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

83.     Plaintiff JORGE MENDEZ, SR. reallege and incorporate the allegations of the preceding paragraphs 1 to 32, to the extent relevant, as if fully set forth in this Claim.

84.     Defendants DOE 1 to 25 owed Plaintiff JORGE MENDEZ, SR. a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against CARMEN MENDEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

85.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH and DOE 26 to 50 owed Plaintiff JORGE MENDEZ, SR. a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25, who were incompetent or unfit, and where Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25 created a particular risk or hazard that caused CARMEN MENDEZ's death.

86.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH and DOE 1 to 50.

87. Defendants BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JORGE MENDEZ, SR.

88. As a direct and proximate result of Defendants BRENT SMITH and DOE 1 to 50's actions and inactions, Plaintiff JORGE MENDEZ, SR. suffered injuries entitling him to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff JORGE MENDEZ, SR. prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ seek Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants BRENT SMITH and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

17

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

Dated: December 10, 2018

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

A. Peter Rausch, Jr.
LAW OFFICES OF A. PETER RAUSCH, JR.
1930 Tienda Drive, Suite 106
Lodi, California 95242
Telephone:  (209) 952-5000
Facsimile:  (209) 339-8505

Attorneys for Plaintiffs
ESTATE OF CARMEN MENDEZ,
JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
KYLAND RILEY, ROSARIO SANCHEZ,
BERTHA MENDEZ, and DOMINGO MENDEZ

18

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

# JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ.

Dated: December 10, 2018

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336

A. Peter Rausch, Jr.
LAW OFFICES OF A. PETER RAUSCH, JR.
1930 Tienda Drive, Suite 106
Lodi, California 95242
Telephone:    (209) 952-5000
Facsimile:    (209) 339-8505

Attorneys for Plaintiffs
ESTATE OF CARMEN MENDEZ,
JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
KYLAND RILEY, ROSARIO SANCHEZ,
BERTHA MENDEZ, and DOMINGO MENDEZ

19

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____