1   **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
BRUCE D. PRAET SBN 119430

2   bpraet@aol.com
ALLEN CHRISTIANSEN SBN 263651

3   achristiansen@law4cops.com
1631 E. 18th Street

4   Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

5

6   Attorneys for Defendants
CITY OF CERES, CERES POLICE DEPARTMENT and

7   BRENT SMITH

8

9                    UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF CARMEN MENDEZ,      )   No.  1:18-cv-01677-LJO-BAM
JORGE MENDEZ, SR., JORGE          )
12   MENDEZ, JR., KYLAND RILEY,    )   Hon. Lawrence J. O'Neill
ROSARIO SANCHEZ, BERTHA           )
13   MENDEZ, and DOMINGO           )   **DEFENDANT'S NOTICE OF
MENDEZ,                           )   MOTION AND MOTION FOR
14                                 )   JUDGMENT ON THE
                                   )   PLEADINGS PURSUANT TO
            Plaintiffs,            )   FEDERAL RULE OF CIVIL
15                                 )   PROCEDURE 12(C);
16      vs.                        )   MEMORANDUM OF POINTS
                                   )   AND AUTHORITIES IN
17   CITY OF CERES, CERES POLICE   )   SUPPORT THEREOF;
DEPARTMENT, BRENT SMITH,          )   [PROPOSED] ORDER;**
18   and DOES 1 to 50,             )
                                   )   Date    : March 21, 2019
19          Defendants.            )   Time    : 8:30 a.m.
                                   )   Courtroom : 4 - 7th Floor
20   _____)

21   **TO PLAINTIFF AND TO HIS ATTORNEY(S) OF RECORD**:

22          PLEASE TAKE NOTICE that on <u>March 21, 2019</u>, at <u>8:30</u> a.m., in

23   Courtroom 4 before Judge Lawrence J. O'Neill of the United States District Court,

24   located at 2500 Tulare Street, Fresno, California, Defendants City of Ceres, Ceres

25   Police Department and Brent Smith will, and hereby do, move this Court for an

26   order dismissing Plaintiffs' complaint, pursuant to *Federal Rules of Civil*

27   *Procedure* 12(c), for the following reasons:

28

                                      1

1    1.  The claims of Estate of Carmen Mendez and Jorge Mendez, Sr., as

2  successor-in-interest, cannot go forward because Plaintiffs have identified that

3  they have failed to join the mother of Carmen Mendez, a necessary party in this

4  action pursuant to *Fed. R. Civ. P.* Rule 19, to wit, "[m]y status as successor-in-

5  interest is shared with Stephanie Beidleman, Carmen Mendez's mother."  (Dkt.

6  No. 1-1, ¶5).  As such, this matter cannot proceed without joinder of that necessary

7  party.

8    2.  Suing the Ceres Police Department, a department of the City of Ceres, is

9  duplicative of suing the City of Ceres and the Ceres Police Department must be

10  dismissed from this litigation with prejudice.  *Abeytia v. Fresno Police Dep't.*,

11  2009 U.S. Dist. LEXIS 49500, *25 (E.D. Cal. 2009); *Mistriel v. Kern County*,

12  2011 U.S. Dist. LEXIS 24579, *11 (E.D. Cal. 2011).

13    3.  Defendant Brent Smith, the Chief of Police of the City of Ceres Police

14  Department, must be dismissed from this litigation with prejudice because suing a

15  city employee in his official capacity duplicative of suing the city itself and there

16  are no allegations to support any claims against Chief Smith in his individual

17  capacity.  *Kentucky v. Graham*, 473 U.S. 159 (1985).

18    4.  To the extent that Plaintiffs are seeking to allege a *Monell* claim (Dkt.

19  No. 1 at 5-7), such claims have not been specifically identified as separate causes

20  of action and the allegations set forth fail to state a *Monell* claim under any theory,

21  including that of supervisory liability and inadequate training, therefore, the

22  *Monell* claims and the City of Ceres must be dismissed from this litigation.

23  *Monell v. Dept. Of Soc. Servs.*, 436 U.S. 658 (1978); *Ashcroft v. Iqbal*, 556 U.S.

24  662 (2009).

25    5.  Plaintiffs' Second and Third causes of action for right of intimate

26  association are duplicative because "we analyze the right of intimate association in

27  the same manner regardless whether we characterize it under the *First* or

28  *Fourteenth Amendments ...*" *Mann v. City of Sacramento*, 2018 U.S. App. LEXIS

2

DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE PLEADINGS

1    25462, *6, ___ Fed. Appx. ___, (9th Cir. 2018).  Further, such claims are not

2    available to Plaintiffs Rosario Sanchez, Bertha Mendez, or Domingo Mendez,

3    identified as the aunt, grandmother and grandfather of decedent (Dkt. No. 1, ¶¶9-

4    11) because such rights, regardless of whether they are alleged either under the

5    *First* or *Fourteenth Amendment*, are not available to anyone other than a parent or

6    child.  *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991); *Wheeler v. City of*

7    *Santa Clara*, 894 F.3d 1046 (9th Cir. 2018); *Mann v. City of Sacramento*, 2018

8    U.S. App. LEXIS 25462, ___ Fed. Appx. ___, (9th Cir. 2018); *Piper v. Cabillo*,

9    670 Fed. Appx. 507 (2016).

10          6.  Plaintiffs' Fourth cause of action, brought under Article I, § 13 of the

11   California Constitution for unreasonable force, fails to state a claim upon which

12   relief may be granted because that provision does not provide a cause of action for

13   monetary damages.  *Ohlsen v. County of San Joaquin*, 2008 U.S. Dist. LEXIS

14   44566 (E.D. Cal. June 3, 2008).

15          7.  Plaintiffs' Fifth cause of action, brought under the Bane Act, fails to state

16   a claim upon which relief may be granted because the alleged use of unreasonable

17   force, standing alone, is insufficient to allege such a claim.  Further, to the extent

18   that Plaintiffs' are seeking to allege a Bane Act claim on behalf of anyone other

19   than decedent, they lack standing to assert such claims.

20          8.  Plaintiffs appear to have alleged unenumerated and duplicative claims at

21   pages 12-13 of their Complaint (e.g. "Unreasonable Force," "Right of Familial

22   Association, Companionship, and Society").  To the extent that these are

23   allegations intended to support Plaintiffs' Bane Act claim[1] they are duplicative,

24   superfluous and unnecesssary.  In either case, these allegations should be

25   dismissed and/or stricken.

26   _____

27          [1]To the extent that these allegations are intended to support Plaintiffs' Fifth cause of action

28   for claims under the Bane Act, the Bane Act does not apply to allegations of rights to association or

     any claims of any Plaintiffs other than the decedent.

3

DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE PLEADINGS

1    This motion will be based upon this Notice of Motion, the Memorandum of

2   Points and Authorities in support thereof, the complete files and records of this

3   action, and upon such oral and documentary evidence as may be presented at the

4   hearing on this motion.

5

6   DATED: February 21, 2019        FERGUSON, PRAET & SHERMAN, APC

7                                   /s/ Allen Christiansen
                                    Allen Christiansen, SBN 263651
8                                   Attorneys for Defendant City of Ceres, Ceres
                                    Police Department and Brent Smith
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE PLEADINGS