1  **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
BRUCE D. PRAET SBN 119430
2  bpraet@aol.com
ALLEN CHRISTIANSEN SBN 263651
3  achristiansen@law4cops.com
1631 E. 18th Street
4  Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143
5

6  Attorneys for Defendants
CITY OF CERES, CERES POLICE DEPARTMENT and
7  BRENT SMITH

8
UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ,<br><br>               Plaintiffs,<br><br>    vs.<br><br>CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOES 1 to 50,<br><br>               Defendants. | No.  1:18-cv-01677-LJO-BAM<br><br>Hon. Lawrence J. O'Neill<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C);**<br><br>Date     : March 21, 2019<br>Time     : 8:30 a.m.<br>Courtroom  : 4 - 7th Floor |

28  ///

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1

<u>Table of Contents</u>

2

3

I.    INTRODUCTION AND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

II.   PLAINTIFFS' LITIGATION CANNOT PROCEED BECAUSE PLAINTIFFS
      HAVE FAILED TO JOIN A NECESSARY PARTY . . . . . . . . . . . . . . . . . 1

5

6

III.  PLAINTIFFS FAIL TO STATE ANY COGNIZABLE CLAIMS AS
      REQUIRED BY THE FEDERAL RULES AND THE HOLDINGS OF
      *TWOMBLY* AND *IQBAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7

8

9

IV.   THE CERES POLICE DEPARTMENT IS NOT A PROPER PARTY AND IS
      DUPLICATIVE OF SUING THE CITY OF CERES AND MUST BE
      DISMISSED FROM THIS LITIGATION WITH PREJUDICE . . . . . . . . . 4

10

11

12

V.    PLAINTIFFS' HAVE ALLEGED NO CLAIMS UPON WHICH RELIEF
      MAY BE GRANTED AS TO CHIEF BRENT SMITH AND HE MUST BE
      DISMISSED FROM THIS LITIGATION. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13

14

15

VI.   PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION ARE
      DUPLICATIVE AND ARE ALLEGED BY PARTIES THAT LACK
      STANDING TO BRING SUCH CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16

17

18

      A.    Plaintiffs' Third Cause of Action is Duplicative of their Second Cause
            of Action and Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19

20

      B.    The Aunt, Grandfather and Grandmother of Decedent Lack Standing to
            Bring Claims Under Either Cause of Action. . . . . . . . . . . . . . . . . . . 7

21

22

23

VII.  PLAINTIFFS' FOURTH CAUSE OF ACTION BROUGHT UNDER
      ARTICLE I § 13 OF THE CALIFORNIA CONSTITUTION MUST BE
      DISMISSED WITH PREJUDICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24

25

26

VIII. PLAINTIFFS, OTHER THAN ESTATE OF CARMEN MENDEZ, HAVE NO
      VIABLE CLAIMS UNDER THE BANE ACT. . . . . . . . . . . . . . . . . . . . . . . 9

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

IX.   PLAINTIFFS' DUPLICATIVE, SUPERFLUOUS AND UNNECESSARY ALLEGATIONS AT PAGES 17 THROUGH 22 SHOULD BE DISMISSED AND/OR STRICKEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

X.   PLAINTIFFS' *MONELL* CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

   A.   Plaintiffs' *Monell* Claim Based on Training Fails to State a Claim Upon which Relief may be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

   B.   Plaintiffs' Allegations of a Lack of Policy Fail to State a Claim Upon which Relief may be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   C.   Plaintiffs' *Monell* Claim Based on Supervisory Liability Fails to State a Claim Upon which Relief may be Granted. . . . . . . . . . . . . . . . . . . 15

XI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

Table of Authorities

Federal Cases                                                                    Page

*Abeytia v. Fresno Police Dep't.* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 49500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*AE ex rel. Hernandez v. City of Tulare* (9th Cir. 2012)
666 F.3d 631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Aschroft v. Iqbal* (U.S. 2009)
556 U.S. 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bay Area Rapid Transit District v. Superior Court of Alameda Cty.* (9th Cir. 1995)
38 Cal. App. 4th 141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atlantic Corp. v. Twombly* (U.S. 2007)
550 U.S. 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Board of County Commissioner v. Brown* (U.S. 1997)
520 U.S. 397 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brown v. County of Kern* (E.D. Cal. Feb. 26, 2008)
2008 U.S. Dist. LEXIS 14216 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Canas v. City of Sunnyvale* (N.D. Cal. Jan. 19, 2011)
2011 U.S. Dist. LEXIS 4942 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cangress v. City of Los Angeles* (C.D. Cal. Mar. 22, 2016)
2016 U.S. Dist. LEXIS 192571 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*City of Canton v. Harris* (U.S. 1989)
489 U.S. 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of Oklahoma City v. Tuttle* (U.S. 1985)
471 U.S. 808 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*City of Simi Valley v. Superior Court* (9th Cir. 2003)
111 Cal. App. 4th 1077 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

*Cousins v. Lockyer* (9th Cir. 2009)
568 F.3d 1063 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Duenas v. County of Imperial* (S.D. Cal. Mar. 9, 2015)
2015 U.S. Dist. LEXIS 182191 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Fantasy, Inc. v. Fogerty* (9th Cir. 1993)
984 F.2d 1524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fields v. Legacy Health Sys.* (9th Cir. 2005)
413 F.3d 943 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Galen v. County of Los Angeles* (9th Cir. 2007)
477 F.3d 652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Harvey v. City of Fresno* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 89519 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hayes v. County of San Diego* (9th Cir. 2013)
736 F.3d 1223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Henderson v. City and County of San Francisco* (N.D. Cal. Dec. 1, 2006)
2006 U.S. Dist. LEXIS 87262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hillblom v. County of Fresno* (E.D. Cal. 2008)
539 F. Supp. 2d 1192 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jarreau-Griffin v. City of Vallejo* (E.D. Cal. Dec. 9, 2013)
2013 U.S. Dist. LEXIS 172886 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kentucky v. Graham* (1985)
473 U.S. 159 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Luke v. Abbot* (C.D. Cal. 1997)
954 F. Supp. 202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iv

*Mann v. City of Sacramento* (9th Cir. 2018)
2018 U.S. App. LEXIS 25462, ___ Fed. Appx. ___ . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Meehan v. County of Los Angeles* (9th Cir. 1988)
856 F.2d 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Merritt v. County of Los Angeles* (9th Cir. 1989)
875 F.2d 765 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mistriel v. Kern County* (E.D. Cal. 2011)
2011 U.S. Dist. LEXIS 24579 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Monell v. Dep't of Soc. Servs.* (U.S. 1978)
436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5(fn1), 11, 12, 13, 14, 15, 16

*Mong Kim Tran v. City of Garden Grove* (C.D. Cal. Feb. 7, 2012)
2012 U.S. Dist. LEXIS 15606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ohlsen v. County of San Joaquin* (E.D. Cal. June 3, 2008)
2008 U.S. Dist. LEXIS 44566 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pembaur v. Cincinnati* (U.S. 1986)
475 U.S. 469 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers* (S.D. Tex 2003)
251 F. Supp. 2d 1354 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Piper v. Cabillo* (9th Cir. 2016)
670 Fed. Appx. 507 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Reese v. City of Sacramento* (9th Cir. 2018)
888 F.3d 1030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rivera v. County of San Diego* (C.D. Cal. Dec. 5, 2016)
2016 U.S. Dist. LEXIS 194314 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

v

*Sanchez v. City of Fresno* (E.D. Cal. 2012)
914 F. Supp. 2d 1079 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Silvas v. E\*trade Mortgage Corp.* (9th Cir. 2008)
514 F.3d 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Starr v. Baca* (9th Cir. 2010)
652 F.3d 1202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Taylor v. List* (9th Cir. 1989)
880 F.2d 1040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Ward v. City of San Jose* (9th Cir. 1991)
967 F.2d 280 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Weber v. Department of Veterans Affairs* (9th Cir. 2008)
512 F.3d 1178 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Whitaker v. Garcetti* (9th Cir. 2007)
486 F.3d 572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wheeler v. City of Santa Clara* (9th Cir. 2018)
894 F.3d 1046 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010)
618 F.3d 970 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ybarra v. Reno Thunderbird Mobile Home Village* (9th Cir. 1984)
723 F.2d 675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Young v. City of Visalia* (E.D. Cal. 2009)
687 F. Supp. 2d 1141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

///

vi

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

| Statutes | Page |
|---|---|
| *42 U.S.C. § 1983* | *passim.* |
| *Federal Rule of Civil Procedure Rule 12* | 2 |
| *Federal Rule of Civil Procedure Rule 19* | 1, 2 |
| *California Civil Code Section 52.1(b)* | 9 |
| *California Code of Civil Procedure Section 377.32* | 2 |
| *California Constitution Article I, Section 13* | 8, 16 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    <u>**IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

3    **I.    INTRODUCTION AND FACTS**

4         At the outset, this Court must be made aware that this matter cannot proceed

5    because Plaintiffs have failed to join the mother of decedent, Stephanie Beidleman,

6    a necessary party per *Fed. R. Civ. P.* Rule 19, to wit, "[m]y status as successor-in-

7    interest is shared with Stephanie Beidleman, Carmen Mendez's mother." (Dkt. No.

8    1-1, ¶5).  As such, this Court must make an order that Stephanie Beidleman be made

9    a party to this litigation. *Fed. R. Civ. P.* Rule 19(a)(2).

10

11        Plaintiffs bring this action for damages resulting from an officer involved

12   shooting that occurred in the afternoon hours of April 18, 2018 wherein decedent

13   Carmen Mendez was shot. (Dkt. No. 1, ¶¶18-22).  There are few details beyond this

14   alleged in Plaintiffs' Complaint.

15        Based upon that single incident, Plaintiffs allege some eight (8) separate causes

16   of action on behalf of persons and parties who were not present during the incident

17   and lack standing to bring the claims alleged (e.g. aunt, grandmother, grandfather).

18   (Dkt. No. 1, ¶¶5-11).  As set forth herein, the aunt, grandmother and grandfather lack

19   standing to bring the claims alleged and must be dismissed with prejudice from this

20   litigation.

21        For all of the reasons set forth herein, certain claims and parties must be

22   dismissed from this litigation, many or all with prejudice as further amendment

23   cannot cure the deficiencies set forth.

24   **II.   PLAINTIFFS'   LITIGATION   CANNOT   PROCEED   BECAUSE**

25   **PLAINTIFFS HAVE FAILED TO JOIN A NECESSARY PARTY**

26        *Fed. R. Civ. P.* Rule 19 requires that "[a] person who is subject to service of

27   process and whose joinder will not deprive the court of subject-matter jurisdiction

28   <u>**must**</u> be joined as a party if: (A) in that person's absence, the court cannot accord

1

complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

In the present matter, decedent Carmen Mendez is alleged to have been a minor at the time of his death.  (Dkt. No. 1, ¶18).  The Complaint further alleges that decedent's father, Jorge Mendez, Sr., is "**one** of Carmen Mendez's successors-in-interest."  (Dkt. No. 1, ¶5)(emphasis added).  Jorge Mendez, Sr., also filed a *Cal. Code of Civ. Proc.* § 377.32 declaration, under penalty of perjury, that his "status as successor-in-interest is shared with Stephanie Beidleman, Carmen Mendez's mother." (Dkt. No. 1-1, ¶5).

As such, *Fed. R. Civ. P.* Rule 19 requires the joinder of Stephanie Beidleman as a necessary party.  This Court must issue an order that Stephanie Beidleman be made a party to this action pursuant to *Fed. R. Civ. P.* Rule 19(a)(2) and should stay all proceedings pending that joinder.

III.   **PLAINTIFFS FAIL TO STATE ANY COGNIZABLE CLAIMS AS REQUIRED BY THE FEDERAL RULES AND THE HOLDINGS OF *TWOMBLY* AND *IQBAL***

Pursuant to *Fed. R. Civ. P.* Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Rule 12(c) may be used to raise a defense of "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* Rule 12(h)(2).  As such, the essential difference between Rules 12(c) and 12(b)(6) are that a Rule 12(b)(6) must be raised prior to the filing of an answer.  *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "The standard for deciding motions under Rule 12(b)(6) and Rule

1   12(c) are the same." *Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers, Local No.*
2   *682*, 251 F. Supp. 2d 1354 (S.D. Tex. 2003).

3       In considering a motion to dismiss, "'All allegations of material fact [in the
4   complaint] are taken as true and construed in the light most favorable to the
5   nonmoving party.' ... Although 'conclusory allegations of law and unwarranted
6   inferences are insufficient' to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*,
7   568 F.3d 1063, 1067 (2009); Citing *Silvas v. E\*trade Mortgage Corp.*,  514 F.3d
8   1001, 1003-04 (9th Cir. 2008) and *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950
9   (9th Cir. 2005).

10      While "'a complaint need not contain detailed factual allegations ... **it must**
11  **plead 'enough facts to state a claim to relief that is plausible on its face**.'" *Id*. at
12  1067-8 (emphasis added); Citing *Weber v. Department of Veterans Affairs*, 512 F.3d
13  1178, 1181 (9th Cir. 2008) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
14  (U.S. 2007).

15      "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal
16  conclusion couched as a factual allegation' ... Factual allegations must be enough to
17  raise a right to relief above the speculative level." *Twombly* at 555.

18      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
19  need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of
20  his 'entitle[ment] to relief' requires more than labels and conclusions, and **a**
21  **formulaic recitation of the elements of a cause of action will not do**." *Twombly* at
22  555 (emphasis added.)

23      "While legal conclusions can provide the framework of a complaint, they **must**
24  **be supported by factual allegations**." *Aschroft v. Iqbal*, 556 U.S. 662, 664 (U.S.
25  2009) (emphasis added.)

26      In other words, the complaint must state enough facts to provide a cognizable
27  claim for relief.  A complaint that simply recites the elements of a cause of action,
28  provides only conclusory allegations or fails to allege facts sufficient to state a claim

1  for relief is not sufficient to survive a motion to dismiss or, in this case, a motion for

2  judgment on the pleadings.

3  **IV.   THE CERES POLICE DEPARTMENT IS NOT A PROPER PARTY**

4  **AND IS DUPLICATIVE OF SUING THE CITY OF CERES AND MUST**

5  **BE DISMISSED FROM THIS LITIGATION WITH PREJUDICE**

6  "[M]unicipal *departments* and *sub-units* of local governments ... are not

7  generally considered 'persons' within the meaning of Section 1983." *Mistriel v. Kern*

8  *County*, 2011 U.S. Dist. LEXIS 24579, *10 (E.D. Cal. 2011); See also *Harvey v. City*

9  *of Fresno*, 2009 U.S. Dist. LEXIS 89519 (E.D. Cal. 2009) and *Abeytia v. Fresno*

10  *Police Dep't.*, 2009 U.S. Dist. LEXIS 49500 (E.D. Cal. 2009).

11  "Naming the [Ceres Police Department], which is a department of the City, as

12  a defendant is redundant to naming the [City of Ceres] as a defendant." *Abeytia* at

13  *25. "Therefore, these departments and sub-units should be dismissed as improper

14  defendants under Section 1983." *Mistriel* at *11.

15  Based on the aforementioned authority, not only is the Ceres Police Department

16  and improper party as it relates to section 1983 claims, as a department of the City the

17  claims against it are redundant to those claims against the City of Ceres.  Therefore,

18  the Ceres Police Department must properly be dismissed from this litigation with

19  prejudice.

20  **V.   PLAINTIFFS' HAVE ALLEGED NO CLAIMS UPON WHICH RELIEF**

21  **MAY BE GRANTED AS TO CHIEF BRENT SMITH AND HE MUST BE**

22  **DISMISSED FROM THIS LITIGATION**

23  Plaintiffs identify Defendant Brent Smith as "the Chief of Police of Defendants

24  City of Ceres and Ceres Police Department."  Plaintiffs further allege that "Defendant

25  Brent Smith is sued in his individual capacity."  (Dkt. No. 1, ¶14).

26

27

28  ///

4

However, the allegations set forth by Plaintiffs against Chief Smith appear to be solely against him in his official capacity[1], to wit, "Defendant Brent Smith, acting as Chief of Police, was a final <u>policy-making authority</u>," (Dkt. No. 1, ¶ 27)(emphasis added), "knew or should have known that subordinate law enforcement officers ... were inadequately trained, supervised, or disciplined resulting from either the lack of proper training <u>pursuant to policy, or the result of the lack of policy</u>," (Dkt. No. 1, ¶ 29)(emphasis added), "[was] or should have been on notice of these <u>policies, customs or practices, or the inadequacy of the policies, customs or practices</u>," (Dkt. No. 1, ¶ 30)(emphasis added), "[was] or should have been on notice regarding ... <u>policies, customs or practices</u>." (Dkt. No. 1, ¶ 31)(emphasis added).

A suit against the Chief of Police in his official capacity is duplicative of a claim against the public entity, City of Ceres, itself and the Chief must be dismissed from this litigation in his official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985)["an official capacity suit is ... to be treated as a suit against the entity .. It is *not* a suit against the official personally ..."].

"[W]hen both an officer and the local government entity are named in a lawsuit and the officer is named in his official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbot*, 954 F. Supp. 202, 203 (C.D. Cal. 1997); See also *Hillblom v. County of Fresno*, 539 F. Supp. 2d 1192, 1202 (E. D. Cal. 2008).

Regarding the individual liability of Chief Smith, Plaintiffs have failed to allege any causes of action against Chief Smith in his individual capacity or any personal participation of the Chief as it relates to decedent Carmend Mendez's alleged constitutional violations. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040,

---

[1] The Court should note that Plaintiffs have failed to enumerate any actual *Monell* causes of action in their Complaint and have only set forth allegations relating to possible *Monell* liability. Plaintiffs have failed to allege any causes of action against Chief Smith individually.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under section 1983."  *Id*.  Citing to *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

All of Plaintiffs' claims in this regard are alleged only as issues with policies, customs, or practices or the lack thereof.  To the extent that Plaintiffs seek to impute knowledge of other constitutional violations or establish a custom or practice, there must actually have been a finding of constitutional violations, simply listing off the names of several settled lawsuits with allegations of violations and/or unsettled pending litigation does not provide such findings.  (Dkt. No. 1, ¶¶45(i)-(iii)).

As such, because Plaintiffs have sued the City of Ceres, the Chief must be dismissed in his official capacity with prejudice.  Because Plaintiffs have failed to allege any claims against the Chief in his individual capacity, the Chief must be dismissed in his individual capacity as well as further discussed below.

## VI.   PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION ARE DUPLICATIVE AND ARE ALLEGED BY PARTIES THAT LACK STANDING TO BRING SUCH CLAIMS

Plaintiffs Second and Third causes of action are alleged by "Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, and Domingo Mendez" (Dkt. No. 1, ¶¶39, 44) for violations of their right of intimate association under the First and Fourteenth Amendments.  (Dkt. No. 1, ¶¶41, 46).

Such claims are analyzed "in the same manner regardless of whether we characterize it under the *First* or *Fourteenth Amendments* ..."  *Mann v. City of Sacramento*, 2018 U.S. App. LEXIS 25462, *6, ___ Fed. Appx. ___, (9th Cir. 2018).  As such, these claims are duplicative of one another.  Further, as set forth and argued herein, such claims are not available to Rosario Sanchez (aunt), Bertha Mendez (grandmother) or Domingo Mendez (grandfather).

6

## A. Plaintiffs' Third Cause of Action is Duplicative of their Second Cause of Action and Must be Dismissed

Plaintiffs bring two causes of action alleging the right of intimate assocation under the Fourteenth (second claim) and First (third claim) Amendments. Those claims are duplicative of one another, to wit, "we analyze the right of intimate association in the same manner regardless whether we characterize it under the *First* or *Fourteenth Amendments ...*" *Mann*, *supra*, at *6. As such, Plaintiffs' Third claim for relief must be dismissed with prejudice.

## B. The Aunt, Grandfather and Grandmother of Decedent Lack Standing to Bring Claims Under Either Cause of Action

Certain Plaintiffs have been identified as the aunt, grandmother and grandfather of decedent Carmen Mendez. Those Plaintiffs are Rosario Sanchez (aunt), Bertha Mendez (grandmother) and Domingo Mendez (grandfather). (Dkt. No. 1, ¶¶9-11). These parties bring multiple claims throughout this lawsuit, including the Second and Third causes of action for the right of intimate association under the Fourteenth and First Amendments.

As set forth above, "[b]ecause we analyze the right of intimate association in the same manner regardless of whether we characterize it under the *First* or *Fourteenth Amendments*, *Ward* necessarily rejected any argument that adult, non-cohabiting siblings enjoy a right to intimate association." *Mann*, *supra*, at *6.

In fact, "[f]ew close relationships - even between blood relatives - can serve as a basis for asserting ... loss of companionship claims." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018); Citing *Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1991). While "[a] decedent's parents and children generally have the right to assert substantive due process claims under the *Fourteenth Amendment*" *Hayes v. County of San Diego*, 736 F.3d 1223, 1229-30 (9th Cir. 2013), "this right does not extend to other family members, such as great aunts ... or 'creatures of state law ... such as legal guardians." *Piper*, *supra*, at 507.

7

1   Plaintiffs Rosario Sanchez, Bertha Mendez and Domingo Mendez must not
2   only be dismissed from the Second and Third causes of action, these Plaintiffs must
3   be dismissed from this litigation entirely as set forth herein.

4   **VII.  PLAINTIFFS' FOURTH CAUSE OF ACTION BROUGHT UNDER**
5       **ARTICLE I § 13 OF THE CALIFORNIA CONSTITUTION MUST BE**
6       **DISMISSED WITH PREJUDICE**

7   Plaintiff Estate of Carmen Mendez brings Plaintiffs' Fourth (unreasonable
8   force) cause of action based on a violation of decedent's rights secured by Article I,
9   § 13 of the California Constitution.  (Dkt. No. 1, ¶51).

10   However, "Plaintiff[s'] claims under California Constitution Article I, Section
11   13, are not viable because that provision does not provide a cause of action for
12   monetary damages." *Ohlsen v. County of San Joaquin*, 2008 U.S. Dist. LEXIS 44566
13   (E.D. Cal. June 3, 2008); Citing *Brown v. County of Kern*, 2008 U.S. Dist LEXIS
14   14216, *50 (E.D. Cal. Feb. 26, 2008)("Neither the plain language of the article I,
15   section 13, nor the available legislative history indicate an intent on behalf of the
16   California Legislature to permit the recovery of monetary damages for its violation.")
17   See also *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1115 (E.D. Cal.
18   2012)("California law does not provide for a direct cause of action for damages for
19   violation of the California Constitutional protection against unreasonable searches
20   and seizures") and *Rivera v. Cty. of San Diego*, 2016 U.S. Dist. LEXIS 194314, *27
21   (C.D. Cal. Dec. 5, 2016)("the Court dismisses Plaintiff's damages claim under Art.
22   I, § 13 of the California Constitution because California law does not recognize this
23   cause of action.")

24   Therefore, Plaintiffs' Fourth cause of action, alleged as a claim under
25   California Constitution Article I, Section 13, must be dismissed.  "Because it would
26   be impossible to award Plaintiff relief under this claim, the Court finds that
27   amendment would be futile." *Rivera* at *27.  As such, this cause of action must be
28   dismissed with prejudice.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

## VIII.   PLAINTIFFS, OTHER THAN ESTATE OF CARMEN MENDEZ, HAVE NO VIABLE CLAIMS UNDER THE BANE ACT

Plaintiffs' Fifth cause of action for violations of the *Bane Act* (*Cal. Civ. Code* § 52.1(b)) appears to be an attempt to allege two *Bane Act* claims, one by the decedent (Dkt. No. 1, ¶56), which is a proper allegation, and one by all other Plaintiffs (Dkt. No. 1, ¶63), which is not.

The *Bane Act* claim asserted by "Plaintiffs Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, and Domingo Mendez" (Dkt. No. 1, ¶63) seeks recovery for alleged threats and violence against decedent rather than themselves, which is wholly improper.

"The Bane Act ... provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion, with the exercise or enjoyment' of any constitutional or statutory right ... It clearly provides for a ***personal* cause of action for the victim** of a hate crime ... it is limited to plaintiffs **who themselves have been the subject of violence or threats**." *Bay Area Rapid Transit District v. Superior Court of Alameda County*, 38 Cal. App. 4th 141, 144 (9th Cir. 1995) (emphasis added).

A claim for violation of *Civil Code* § 52.1 "permits an **individual** to sue for damages where his or her constitutional rights are violated." *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1085-86 (9th Cir. 2003) (emphasis added).

In other words, the Bane Act does not provide a right of action for anyone other than decedent as it relates to decedent's own personal cause of action as the individual who were actually subjected to the alleged violence, threats or intimidation alleged to have interfered with their constitutional rights as set forth by the authority in *Bay Area Rapid Transit District*.

Further, the Bane Act requires more than a Constitutional violation, it requires the specific intent to deprive a person of a violation of the Constitutional right alleged. *Reese v. City of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). In the

9

present matter, such allegations are raised only with regard to Estate of Carmen Mendez. There are no such allegations as it relates to Plaintiffs Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, and Domingo Mendez.

As such, this cause of action must be dismissed with prejudice as it relates to Plaintiffs Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, and Domingo Mendez.

Because the aunt (Rosario Sanchez), grandmother (Bertha Mendez) and grandfather (Domingo Mendez) have failed to allege any claims upon which relief may be granted, these Plaintiffs must be dismissed from this litigation entirely.  Such dismissal should be with prejudice because further amendment would be futile.

## IX.   PLAINTIFFS' DUPLICATIVE, SUPERFLUOUS AND UNNECESSARY ALLEGATIONS AT PAGES 12 THROUGH 14 SHOULD BE DISMISSED AND/OR STRICKEN

Between their Ninth and Tenth causes of action, specifically at pages 12 through 14, Plaintiffs' appear to have alleged duplicative claims for "Unreasonable Force" and "Right of Familial Association, Companionship, and Society."

This Court has authority to strike redundant, immaterial, impertinent, or scandalous matter from the pleadings.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), *quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  "Superfluous historical allegations are [also] a proper subject of a motion to strike." *Fantasy* at 1527.

Regardless of whether the claims are duplicative of existing claims, or repetitive allegations to support Plaintiffs' Bane Act claim, the superfluous allegations at paragraphs 56 through 68 of the Complaint should be dismissed as duplicative or, in the alternative, stricken from the pleadings.

///

10

## X.   PLAINTIFFS' *MONELL* CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs allege that the unreasonable force against Carmen Mendez resulted because Doe Defendants "were inadequately trained, supervised, or disciplined ..." (Dkt. No. 1, ¶¶29, 36) and, confusingly, that the inadequate training was the result of "either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted." (Dkt. No. 1, ¶¶29, 36). Plaintiffs label their allegations as "Policy or Custom Allegations" (Dkt. No. 1, 5:9) but allege only policy issues regarding training.

When an individual sues a local government for violation of his constitutional rights, the municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (U.S. 1978)).

Pursuant to the holding in *Monell*, a local government is not liable under 42 USC § 1983 for a deprivation of plaintiff's constitutional interests unless "some official policy, '**causes**' an employee to violate another's **constitutional rights** ... that language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (emphasis added). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell* at 691.

As set forth above, Plaintiffs allege that a policy, or lack thereof, regarding training has resulted in inadequate training, supervision, or discipline. None of Plaintiffs' allegations state sufficient factual allegations to support a *Monell* claim.

11

**A.    Plaintiffs' *Monell* Claim Based on Training Fails to State a Claim Upon which Relief may be Granted**

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  A municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered."  *Id*. at 694-95; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).  To hold a public entity liable, a plaintiff must demonstrate that the unlawful governmental action was part of the public entity's policy or custom, and that there is a nexus between the specific policy or custom and the plaintiff's injury.  *Monell* at 694-695.

To withstand a motion for judgment on the pleadings, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts" and those facts "must plausibly suggest an entitlement to relief." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  Plaintiff is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of Cnt. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986) and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," and the policy was "the moving force [behind] the constitutional violation." *Bd. of Cnt. Comm'rs*, *supra*, at 388-389. "[T]he need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably said to have been deliberately indifferent to the need." *Id*. at 390.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* ..." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).  Sporadic and unrelated incidents are also insufficient to impose liability under *Monell*. *Cangress v. City of Los Angeles*, 2016 U.S. Dist. LEXIS 192571, *20 (C.D. Cal. Mar. 22, 2016); *Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988); *Henderson v. City & Cty. of San Francisco*, 2006 U.S. Dist. LEXIS 87262, *23 (N.D. Cal. Dec. 1, 2006).

In asserting a *Monell* failure-to-train theory, the Plaintiffs are required to "identif[y] the challenged policy/custom, explai[n] how the policy/custom was deficient, explai[n] how the policy/custom caused the [decedent's] harm, and reflec[t] how the policy/custom amounted to deliberate indifference, i.e. explai[n] how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

As set forth above, Plaintiffs' allegations fall far short, alleging only that inadequate training resulted in the use of unreasonable force which then resulted in the violation of decedent's rights.  "In light of <u>Iqbal</u>, it would seem that the prior Ninth Circuit pleading standard for <u>Monell</u> claims (i.e. 'bare allegations') is no longer viable."  *Id*. at 1148.

Other courts in this circuit have held that such generic and conclusory allegations, as alleged by the Plaintiffs here, are insufficient under *Iqbal* to state a claim for relief.  See e.g. *Jarreau-Griffin v. City of Vallejo*, 2013 U.S. Dist. LEXIS 172886, *20 (E.D. Cal. Dec. 9, 2013)["Plaintiffs' allegations track the elements of a claim for municipal liability ... [b]ut they do not plead with specificity the inadequacies of City's training practices"; *Canas v. City of Sunnyvale*, 2011 U.S. Dist. LEXIS 4942, *17-18 (N.D. Cal. Jan. 19, 2011)["Plaintiffs allege no facts supporting their conclusion that the City maintains an official policy of subjecting people to the unreasonable use of force or failing to train employees adequately in the

13

use of deadly force, nor do Plaintiffs explain how the alleged policies led Officers []
to deprive the Decedent of his Fourth Amendment rights"]; *Mong Kim Tran v. City
of Garden Grove*, 2012 U.S. Dist. LEXIS 15606, *11 (C.D. Cal. Feb. 7, 2012)["Like
the *Young* and *Canas* plaintiffs, Plaintiff does not plead with any specificity what the
insufficient practices were, how they were deficient, or how they specifically caused
Plaintiff harm.  Plaintiff's threadbare assertions in the FAC are insufficient"]; and
*Duenas v. Cty. of Imperial*, 2015 U.S. Dist. LEXIS 182191, *9-10 (S.D. Cal. Mar. 9,
2015) ["Plaintiff's list contains no 'allegations of underlying facts,' and therefore has
failed to meet the federal pleadings standard"].

In the present matter, Plaintiffs' allegations are insufficient to survive a Rule
12 motion and Plaintiffs' *Monell* claims must be dismissed.

**B.**     **Plaintiffs' Allegations of a Lack of Policy Fail to State a Claim Upon
which Relief may be Granted**

To the extent that Plaintiffs are alleging a lack of policy caused the alleged
constitutional violations, not only does such an argument suffer the same deficiencies
as those set forth above, such an argument also amounts to allegations of a single
incident of unconstitutional activity which is insufficient to impose liability under
*Monell*.  *Tuttle*, *supra*, at 823-24.

In addition, Plaintiffs' listed of the names of several lawsuits in their Complaint
(Dkt. No. 1, ¶¶30(i)-(iii)) that resulted in no finding of any constitutional violations
because they were either settled or are pending litigation.  "[L]awsuits alone are
unsubstantiated allegations that are not evidence of an unconstitutional policy."
*Cangress*, *supra*, at *23-24.  This too is insufficient to impose liability under *Monell*
because this is not evidence of any constitutional violation and cannot serve as a basis
for a "persistent and widespread" policy that the City has established practices that
led to Plaintiffs' injuries.  Even if they could, sporadic and unrelated incidents are
insufficient to impose liability under *Monell*.  *Cangress*, *supra*, at *20.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

As such, Plaintiffs' *Monell* claim based upon allegations of a lack of policy fails to state a claim upon which relief may be granted and City of Ceres is entitled to dismissal of this claim.

**C.**   **Plaintiffs' *Monell* Claim Based on Supervisory Liability Fails to State a Claim Upon which Relief may be Granted**

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" [citations omitted]. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2010). In other words, section 1983 actions can be maintained against supervisors "as long as a sufficient causal connection is present." *Id*.

With regard to the requisite causal connection, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id*.

As set forth above, Plaintiffs have failed to identify any personal involvement of Chief Brent Smith and have failed to allege a causal connection between any wrongful conduct of Chief Brent Smith and the constitutional violations alleged. As such, Plaintiffs' *Monell* claim based upon supervisory liability fails to state a claim upon which relief may be granted and Chief Brent Smith is entitled to dismissal of this claim and dismissal from this litigation.

**XI.   CONCLUSION**

As set forth and argued above, this Court should properly dismiss Defendants Ceres Police Department and Chief Brent Smith from this litigation and should properly dismiss Plaintiffs' Rosario Sanchez, Bertha Mendez and Domingo Mendez, the aunt, grandmother and grandfather of decedent, which all lack standing to bring the claims alleged by them.

15

1   Plaintiffs' *Monell* claims are insufficient to survive a motion to dismiss (and,

2   therefore, insufficient to survive a motion for judgment on the pleadings) and must

3   be dismissed.

4   Plaintiffs' Fourth claim alleging violations of Article I, Section 13 of the

5   California Constitution must be dismissed with prejudice as such violations do not

6   provide for monetary damages and California law does not recognize such causes of

7   action.

8   Plaintiffs' duplicative Third claim for relief must be dismissed and the Fifth

9   claim alleging Bane Act violations must be dismissed as to all Plaintiffs except for

10  decedent's estate.

11  Further, as set forth above, Plaintiffs have failed to join a necessary party, to

12  wit, Stephanie Beidleman, the mother of decedent and the Court must order that she

13  be joined in this litigation.

14  Defendants respectfully request an order of this Court for the relief sought

15  herein and GRANTING Defendant's motion for judgment on the pleadings its

16  entirety and without further leave to amend, and for a stay pending joinder of the

17  necessary party.

18

19  DATED: February 21, 2019          FERGUSON, PRAET & SHERMAN, APC

20                                    /s/ Allen Christiansen
                                      Allen Christiansen, SBN 263651
21                                    Attorneys for Defendant City of Ceres, Ceres Police
                                      Department and Brent Smith
22

23

24

25

26

27

28

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On February 21, 2019, I served the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER;** on the interested parties in this action:

A. Peter Rausch, Jr., Esq.
Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106
Lodi, CA 95242
Attorney for Plaintiffs

Paul H. Masuhara, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Attorney for Plaintiffs

____ (By Mail)   I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 21, 2019, at Santa Ana, California.

/s/ Cathy Sherman
Cathy Sherman

17