1  A. Peter Rausch, Jr. (State Bar No. 127930)
   LAW OFFICES OF A. PETER RAUSCH, JR.
2  1930 Tienda Drive, Suite 106
   Lodi, California 95242
3  Telephone:     (209) 952-5000
   Facsimile:      (209) 339-8505
4  E-Mail:          counsel@rausch.com

5  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
6  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
7  Sacramento, California 95814
   Telephone:     (916) 443-6911
8  Facsimile:      (916) 447-8336
   E-Mail:          mark@markmerin.com
9                      paul@markmerin.com

10
   Attorneys for Plaintiffs
11  ESTATE OF CARMEN MENDEZ,
    JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
12  KYLAND RILEY, ROSARIO SANCHEZ,
    BERTHA MENDEZ, and DOMINGO MENDEZ
13

14            UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA

16                    FRESNO DIVISION

| | |
|---|---|
| 17  ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ, | Case No. 1:18-cv-01677-LJO-BAM |
| 18 19 | **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| 20          Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 21  vs. | |
| 22  CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, | |
| 23 24 | |
|          Defendants. | |

## INTRODUCTION

26        This action involves the shooting and death of 15-year-old CARMEN MENDEZ caused by

27  ROSS BAYS, a law enforcement officer employed by the CITY OF CERES, CERES POLICE

28  DEPARTMENT, and Chief of Police BRENT SMITH.

1

## JURISDICTION & VENUE

1.      This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4.      Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, BERTHA MENDEZ, and DOMINGO MENDEZ submitted a government claim to the CITY OF CERES and CERES POLICE DEPARTMENT regarding the claims asserted herein mailed on October 3, 2018, and a first amended government claim mailed on October 11, 2018. Those claims were rejected.

## PARTIES

5.      Plaintiff ESTATE OF CARMEN MENDEZ, the decedent ("CARMEN MENDEZ"), brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff JORGE MENDEZ, SR. brings this action on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, as a successor-in-interest. Plaintiff JORGE MENDEZ, SR.'s declaration regarding his status as one of CARMEN MENDEZ's successors-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

6.      Plaintiff JORGE MENDEZ, SR. is a resident of the State of California, County of Stanislaus. Plaintiff JORGE MENDEZ, SR. brings this action: (a) on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, in his representative capacity as a successor-in-interest; and (b) on behalf of himself, in his individual capacity. Plaintiff JORGE MENDEZ, SR. is the father of CARMEN

2

1  MENDEZ.

2       7.     Plaintiff JORGE MENDEZ, JR. is a resident of the State of California, County of

3  Stanislaus. Plaintiff JORGE MENDEZ, JR. is the brother of CARMEN MENDEZ.

4       8.     Plaintiff KYLAND RILEY is a resident of the State of California, County of Stanislaus.

5  Plaintiff KYLAND RILEY is the brother of CARMEN MENDEZ.

6       9.     Plaintiff ROSARIO SANCHEZ is a resident of the State of California, County of

7  Stanislaus. Plaintiff ROSARIO SANCHEZ is the aunt of CARMEN MENDEZ.

8       10.    Plaintiff BERTHA MENDEZ is a resident of the State of California, County of Stanislaus.

9  Plaintiff BERTHA MENDEZ is the grandmother of CARMEN MENDEZ.

10      11.    Plaintiff DOMINGO MENDEZ is a resident of the State of California, County of

11  Stanislaus. Plaintiff DOMINGO MENDEZ is the grandfather of CARMEN MENDEZ.

12      12.    Defendant CITY OF CERES is a "public entity" within the definition of Cal. Gov. Code §

13  811.2.

14      13.    Defendant CERES POLICE DEPARTMENT is a "public entity" within the definition of

15  Cal. Gov. Code § 811.2.

16      14.    Defendant BRENT SMITH was, at all times material herein, a law enforcement officer

17  and the Chief of Police for Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting

18  within the scope of that employment. Defendant BRENT SMITH is sued in his individual capacity.

19      15.    Defendant ROSS BAYS is, and at all times material herein was, a law enforcement officer

20  and employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the

21  scope of that employment. Defendant ROSS BAYS is sued in his individual capacity.

22      16.    Defendants DOE 26 to 50 are and/or were agents or employees of Defendants CITY OF

23  CERES and/or CERES POLICE DEPARTMENT, and acted within the scope of that agency or

24  employment and under color of state law. The true and correct names of Defendants DOE 26 to 50 are

25  not now known and, as a result, they are sued by their fictitious names and true and correct names will be

26  substituted when ascertained.

27  \ \ \

28  \ \ \

## **GENERAL ALLEGATIONS**

17.     Prior to his death, CARMEN MENDEZ cohabitated and shared a close relationship and special bond with each of Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ. These relationships included: (a) child rearing; (b) cohabitation with relatives in the same residence; and (c) deep attachments, commitments, and distinctively personal aspects of their lives.

a)     Plaintiff JORGE MENDEZ, SR. cohabitated with CARMEN MENDEZ, his son, for the entirety of CARMEN MENDEZ's 15-year life, excluding an approximately two-year period during which CARMEN MENDEZ lived in Oregon several years prior to his death. Plaintiff JORGE MENDEZ, SR.'s relationship with CARMEN MENDEZ was typical of a loving father-son relationship, with Plaintiff JORGE MENDEZ, SR. providing and caring for him, clothing and feeding him, participating in his school and sporting events, and spending time together during regular family meals and discussions.

b)     Plaintiff JORGE MENDEZ, JR. cohabitated with CARMEN MENDEZ, his brother, for the entirety of CARMEN MENDEZ's 15-year life, excluding an approximately two-year period during which CARMEN MENDEZ lived in Oregon several years prior to his death. Plaintiff JORGE MENDEZ, JR.'s relationship with CARMEN MENDEZ was typical of a loving brother relationship, including bonding through common interests and hobbies, including wrestling and football, and spending time together during regular family meals and discussions.

c)     Plaintiff KYLAND RILEY cohabitated with CARMEN MENDEZ, his brother, for the entirety of CARMEN MENDEZ's 15-year life, including an approximately two-year period during which CARMEN MENDEZ and Plaintiff KYLAND RILEY lived together in Oregon. Plaintiff KYLAND RILEY's relationship with CARMEN MENDEZ was typical of a loving brother relationship, including bonding through common interests and hobbies, including a shared passion for wrestling and football, and spending time together during regular family meals and discussions.

d)     Plaintiff ROSARIO SANCHEZ cohabitated with CARMEN MENDEZ, her nephew, for

4

the entirety of CARMEN MENDEZ's 15-year life, excluding an approximately two-year period during which CARMEN MENDEZ lived in Oregon several years prior to his death. Plaintiff ROSARIO SANCHEZ's relationship with CARMEN MENDEZ was typical of a loving aunt-nephew relationship, including spending time together during regular family meals and discussions. Plaintiff ROSARIO SANCHEZ was the primary cook in the family home in which CARMEN MENDEZ lived and, as a result, Plaintiff ROSARIO SANCHEZ demonstrated her affection for CARMEN MENDEZ by keeping him well-fed.

e)      Plaintiff BERTHA MENDEZ cohabitated with CARMEN MENDEZ, her grandson, for the entirety of CARMEN MENDEZ's 15-year life, excluding an approximately two-year period during which CARMEN MENDEZ lived in Oregon several years prior to his death. Plaintiff BERTHA MENDEZ's relationship with CARMEN MENDEZ was typical of a loving grandparent relationship, including spending time together during regular family meals and discussions. Plaintiff BERTHA MENDEZ would often bond with CARMEN MENDEZ during back and foot massages which CARMEN MENDEZ would offer to ease Plaintiff BERTHA MENDEZ's aches and soreness. CARMEN MENDEZ received a regular allowance from Plaintiff BERTHA MENDEZ by assisting with chores around the family home.

f)      Plaintiff DOMINGO MENDEZ cohabitated with CARMEN MENDEZ, his grandson, for the entirety of CARMEN MENDEZ's 15-year life, excluding an approximately two-year period during which CARMEN MENDEZ lived in Oregon several years prior to his death. Plaintiff DOMINGO MENDEZ's relationship with CARMEN MENDEZ was typical of a loving grandparent relationship, including spending time together during regular family meals and discussions. Plaintiff DOMINGO MENDEZ would often bond with CARMEN MENDEZ while receiving assistance in completing chores around the family home, including outdoor maintenance and lawn mowing. CARMEN MENDEZ received a regular allowance from Plaintiff DOMINGO MENDEZ by assisting with chores around the family home.

5

18.     The following allegations contained in paragraphs 19 through 28 are made upon information and belief.

19.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

20.     On or about Saturday, August 18, 2018, at approximately 3:00 p.m., approximately in the vicinity of the City of Hughson, within the County of Stanislaus, 15-year-old CARMEN MENDEZ was shot and killed by Defendant ROSS BAYS, a police officer employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT.

21.     CARMEN MENDEZ was a passenger inside of a vehicle pursued by law enforcement vehicles that eventually came to a stop near the intersection of Service Road and Sperry Road.

22.     CARMEN MENDEZ exited the vehicle and ran on-foot towards a nearby olive orchard.

23.     CARMEN MENDEZ was unarmed and non-threatening as he ran.

24.     CARMEN MENDEZ was shot, from behind, several times by Defendant ROSS BAYS.

25.     Defendant ROSS BAYS fired at CARMEN MENDEZ without prior warning, without provocation, and without any reasonable fear of risk or threat to himself or to others.

26.     Other law enforcement officers at the scene reacted with anger to Defendant ROSS BAYS's unnecessary shooting of CARMEN MENDEZ.

27.     Defendant ROSS BAYS's shooting resulted in physical injury and the death of CARMEN MENDEZ.

28.     Defendant ROSS BAYS did not activate a body-worn video ("BWV") recording system at any time prior to or during the incidents giving rise to the shooting of CARMEN MENDEZ, in violation of Defendant CERES POLICE DEPARTMENT's policy requiring that he do so.

## POLICY OR CUSTOM ALLEGATIONS

29.     Defendant BRENT SMITH, acting as Chief of Police, was a final policy-making authority for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Gov. Code § 38630(a) ("The police department of a city is under the control of the chief of police."). Defendant BRENT SMITH has served as Interim Chief of Police since June 2014, and Chief of Police since

6

February 2015. Defendant BRENT SMITH's has been employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT since 1993 and, upon information and belief, obtained policy-making authority as it relates to the training, supervision, and discipline of law enforcement officers acting under his command at some time prior to June 2014.

30.     Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

31.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendant ROSS BAYS, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

32.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

i)     Multiple settlements paid by or on behalf of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees to settle litigation. *See Zabala v. City of Ceres*, E.D. Cal. Case No. 1:15-cv-00904-GEB-SAB (settlement of claims alleging that in December 2013 Ceres Police Department police officer Klinge repeatedly punched the plaintiff in the face, without cause, causing "numerous contusions and lacerations to his head and body," and falsely arresting the plaintiff); *Jimenez v. City of Ceres*, E.D. Cal. Case No. 1:13-cv-01200-LJO-SMS ($312,500 settlement to resolve claims alleging that in August 2012 Ceres Police Department trainee police officer Ortiz falsely arrested and broken the arm of a woman by slamming her forcefully against a patrol vehicle while she was handcuffed, while supervisory Ceres Police Department police officer Albonetti and sergeant Crane failed to intervene); *Garcia v. City of Ceres*, E.D. Cal. Case No. 1:08-cv-

7

01720-LJO-SKO (settlement of claims alleging that in September 2007 Ceres Police Department police officers Perez, Berber, Amador, Melton, Garcia, and Ferreira unlawfully entered a residence, repeatedly struck, battered and assaulted multiple occupants, and falsely arrested the occupants); *Moseley v. City of Ceres*, E.D. Cal. Case No. 1:08-cv-00809-OWW-GSA (settlement of claims alleging that in May 2007 Ceres Police Department police officers Yandell and/or Klinge shot an unarmed fleeing man in his shoulder and lower back, as he was trying to climb a fence, and then, when he turned with his hands raised to surrender, the officers continued shooting, striking him in the arm and abdomen); *Brittson v. City of Ceres*, E.D. Cal. Case No. 1:04-cv-05368-LJO-DLB (settlement of claims alleging that in March 2003 Ceres Police Department police officers Venn, Gariebel, and Johnson and sergeant Robbins falsely arrested and used excessive force, including a taser, against a non-threatening disabled person); *Buckhanan v. Fisher*, E.D. Cal. Case No. 1:03-cv-06749-LJO (settlement of claims alleging that in January 2003 Ceres Police Department police officer Fisher assaulted, threatened, and pistol-whipping a non-threatening person, while Ceres Police Department police officer Venn stood by and did not intervene); *Cadwell v. City of Ceres*, E.D. Cal. Case No. 1:98-cv-06451-DLB (settlement of claims alleging that in January 1998 Ceres Police Department police officer Neri fatally shot an unarmed, fleeing parolee in the back).

ii)  Prior incidents, complaints, and/or pending litigation against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees, including Defendant ROSS BAYS. *See Estate of Pimentel v. City of Ceres*, E.D. Cal. Case No. 1:18-cv-01203-DAD-EPG (pending litigation alleging that in October 2017 Ceres Police Department police officers Venn and Defendant ROSS BAYS fatally shot an unarmed, non-threating man inside of a vehicle with another unarmed, non-threating passenger sitting next to the decedent); *S.T. v. City of Ceres*, E.D. Cal. Case No. 1:16-cv-01713-LJO-BAM (pending litigation alleging officers fatally shot an unarmed, non-threating man who ran away from officers after they attempted to unlawfully detain him and failed to timely summon medical care following the shooting); *Moland v. City of Ceres*, E.D. Cal. Case No. 1:16-

8

cv-01073-LJO-SKO & Stanislaus Cnty. Super. Ct. Case No. 2020043 (pending litigation alleging that in March 2015 Ceres Police Department police officer Miller fatally shot a non-threatening man who was the husband of a woman with whom the officer was attempting to engage in an extramarital affair).

33.     Upon information and belief, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 did not meaningfully discipline, re-train, or otherwise penalize any of the law enforcement officers under their command involved in the incidents described.

34.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, specifically knew or should have known that Defendant ROSS BAYS was inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, based on several incidents and complaints occurring prior to the incidents giving rise to this action.

i)      On October 22, 2017, Defendant ROSS BAYS participated in an officer-involved shooting that resulted in the death of Nicholas A. Pimentel. *See Estate of Pimentel v. City of Ceres*, E.D. Cal. Case No. 1:18-cv-01203-DAD-EPG. Defendant ROSS BAYS used excessive and unreasonable force in shooting and killing Nicholas A. Pimentel. Defendant ROSS BAYS did not activate his body-worn camera until *after* he shot Nicholas A. Pimentel, in violation of Defendant CERES POLICE DEPARTMENT's "Body Worn Video Systems" policy.

ii)     On August 2, 2015, Defendant ROSS BAYS was accused of using excessive or unreasonable force against an arrestee during an incident occurring. Defendant CERES POLICE DEPARTMENT's subsequent investigation of a complaint concerning the incident revealed a "concern" that "[t]he knife [Defendant ROSS BAYS] wore on his belt may not have met [Defendant CERES POLICE DEPARTMENT's] policy standards." [Ceres Police Department Internal Affairs Investigation No. 215-05.]

35.     Upon information and belief, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 routinely failed to hold subordinates accountable

9

1  for violations of law or policies and/or acquiesced in the violations, creating an environment where

2  personnel believe they can "get away with anything."

3       i)     On October 22, 2017, Defendant ROSS BAYS participated in an officer-involved

4  shooting that resulted in the death of Nicholas A. Pimentel. *See Estate of Pimentel v. City*

5  *of Ceres*, E.D. Cal. Case No. 1:18-cv-01203-DAD-EPG. A complaint was filed against

6  Defendant ROSS BAYS, among others, in connection with the incident. Defendant ROSS

7  BAYS used excessive and unreasonable force in shooting and killing Nicholas A.

8  Pimentel and did not activate his body-worn camera until *after* the shooting, in violation

9  of Defendant CERES POLICE DEPARTMENT's policies. Defendant CERES POLICE

10  DEPARTMENT conducted an investigation and, on July 25, 2018, found Defendant

11  ROSS BAYS "Exonerated" from violating Defendant CERES POLICE

12  DEPARTMENT's "Use of Force" and "Body Worn Video Systems" policies. [Ceres

13  Police Department Internal Affairs Investigation No. 217-003.]

14       ii)     Upon information and belief: In October 2013, a Ceres Police Department police officer,

15  Corey Henson, used his cell phone secretly to record an "up-skirt" video of a fellow

16  female employee, Carissa Higginbotham, who was wearing a dress. When Ms.

17  Higginbotham learned of the recoding, she told officer Henson not to show the video to

18  anyone else. However, officer Henson shared the video with other officers. Ms.

19  Higginbotham complained about the incident. Defendant BRENT SMITH supported

20  officer Henson and directed hate speech at Ms. Higginbotham because of her and her

21  spouse's sexual orientation. Defendant CERES POLICE DEPARTMENT conducted an

22  investigation and placed officer Henson on leave before eventually firing him in 2014.

23  However, officer Henson appealed the decision and got his job back, with Defendant

24  BRENT SMITH's assistance. Ms. Higginbotham experienced retaliation as a result of her

25  complaint. Defendant CITY OF CERES settled the resulting lawsuit, in which Ms.

26  Higginbotham was a co-plaintiff, for $400,000. *See Higginbotham v. City of Ceres*,

27  Stanislaus Cnty. Super. Ct. Case No. 2014338.

28       iii)     Upon information and belief: In January 2012, Alexandra Warner began working for

10

1  Defendant CERES POLICE DEPARTMENT. During her employment, Ms. Warner found

2  a surveillance video camera in her office that was angled toward her desk, where she

3  changed clothes before working out in the Department's fitness room. Video recordings

4  from the camera reflected that, for about one month, if not longer, the hidden video

5  camera continually recorded Ms. Warner in her office. Ms. Warner complained.

6  Defendant CERES POLICE DEPARTMENT conducted an investigation which found that

7  Ms. Warner's male co-workers at the Department placed the camera in her office but,

8  nonetheless, those male employees were cleared of sexual discrimination and harassment

9  charges. Ms. Warner experienced retaliation as a result of her complaint. Defendant CITY

10  OF CERES settled the resulting lawsuit, in which Ms. Warner was a co-plaintiff, for

11  $400,000. *See Higginbotham v. City of Ceres*, Stanislaus Cnty. Super. Ct. Case No.

12  2014338.

13  iv)  Upon information and belief: In 2017, one of Defendant ROSS BAYS's significant others,

14  with whom he shared a dating relationship in 2016, filed a complaint with Defendant

15  CERES POLICE DEPARTMENT concerning Defendant ROSS BAYS's conduct. Several

16  other of Defendant ROSS BAYS's prior significant others were interviewed in connection

17  with the investigation. One of the significant others, interviewed around December 2017,

18  and with whom Defendant ROSS BAYS shared a dating relationship from November

19  2013 to June 2015, stated that Defendant ROSS BAYS frequently "bragged" about using

20  force while on duty, which he described as "Jackie Chan'ing" someone's "ass,"  and, on

21  one occasion, called the significant other from inside of the patrol vehicle in which the

22  subject of Defendant ROSS BAYS's use of force was detained in order to brag about

23  beating up the detainee. Defendants CITY OF CERES, CERES POLICE

24  DEPARTMENT, BRENT SMITH, and DOE 26 to 50 took no action on the complaint. In

25  this case, the complaint and investigation materials were requested through discovery but

26  Defendant CITY OF CERES falsely claimed that no such documents existed.

27  36.  Upon information and belief, Defendants CITY OF CERES, CERES POLICE

28  DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were aware the of the multiple settlements, prior

11

incidents, and complaints described above. Yet, despite knowledge of these numerous incidents and systematic problems with unreasonable uses of force by their subordinates, upon information and belief, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 perpetuated the problem by knowingly turning a blind eye to the abuses and ignored or refused to investigate complaints of subordinate misconduct, acquiescing to and implicitly condoning the misconduct by perpetuating a culture of impunity for their subordinates' use of unconstitutionally excessive force.

37.     Upon information and belief, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50's insufficient training, supervision, or control of Defendant ROSS BAYS was a moving force behind and contributed to the improper and unreasonable resort to unreasonable and excessive force against CARMEN MENDEZ, resulting in his death.

38.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

39.     Upon information and belief, additional evidence and information related to Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50's policies, customs, or practices will be sought and obtained during the course of this litigation. Upon information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (Fourth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

40.     This Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants CITY OF CERES, CERES POLICE DEPARTMENT,

12

BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

41.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

42.     Defendant ROSS BAYS, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

43.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendant ROSS BAYS, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

44.     Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to CARMEN MENDEZ's rights protected by the Fourth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

45.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, and punitive damages against Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

\ \ \

\ \ \

13

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mendez v. City of Ceres*, United States District Court, Eastern District of California, Case No. 1:18-cv-01677-LJO-BAM

## SECOND CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

46.     This Claim is asserted by Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ against Defendant ROSS BAYS.

47.     Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

48.     Defendant ROSS BAYS, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's constitutionally protected interest and right of familial association, companionship, and society with their child, sibling, nibling, or grandchild, in violation of their rights protected by the Fourteenth Amendment of the U.S. Constitution.

49.     Defendant ROSS BAYS's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

50.     As a direct and proximate result of Defendant ROSS BAYS's actions and inactions, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ pray for relief as hereunder

14

1  appears.

2  ### THIRD CLAIM

3  ### Right of Association, Companionship, and Society

4  ### (First Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

5      51.    This Claim is asserted by Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR.,

6  KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ against

7  Defendant ROSS BAYS.

8      52.    Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO

9  SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ reallege and incorporate the allegations of

10  the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

11      53.    Defendant ROSS BAYS, acting or purporting to act in the performance of his official

12  duties as a law enforcement officer, used excessive and unreasonable force against CARMEN MENDEZ,

13  in violation of his rights protected by the Fourth Amendment (as incorporated though the Fourteenth

14  Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiffs JORGE

15  MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA

16  MENDEZ, and DOMINGO MENDEZ's constitutionally protected right of association, companionship,

17  and society with their child, sibling, nibling, or grandchild, in violation of their rights protected by the

18  First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

19      54.    Defendant ROSS BAYS's actions and inactions were motivated by evil motive or intent,

20  involved reckless or callous indifference to Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR.,

21  KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ's rights

22  protected by the First Amendment of the U.S. Constitution, or were wantonly or oppressively done.

23      55.    As a direct and proximate result of Defendant ROSS BAYS's actions and inactions,

24  Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ,

25  BERTHA MENDEZ, and DOMINGO MENDEZ suffered injuries entitling them to receive

26  compensatory and punitive damages.

27      WHEREFORE, Plaintiffs JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY,

28  ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ pray for relief as hereunder

appears.

## FOURTH CLAIM

### Unreasonable Force

### (Article I, § 13 of the California Constitution)

56.     This Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

57.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

58.     Defendant ROSS BAYS, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by art. I, § 13 of the California Constitution.

59.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendant ROSS BAYS, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by art. I, § 13 of the California Constitution.

60.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

61.     Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

62.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions, CARMEN

16

1    MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive

2    compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT,

3    BRENT SMITH, ROSS BAYS, and DOE 26 to 50, and punitive damages against Defendants BRENT

4    SMITH, ROSS BAYS, and DOE 26 to 50.

5         WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder

6    appears.

7                                    **FIFTH CLAIM**

8                                    **Bane Act**

9                              **(Cal. Civ. Code § 52.1)**

10       63.    This Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ (pursuant to Cal.

11   Code Civ. Proc. § 377.30) against Defendants CITY OF CERES, CERES POLICE DEPARTMENT,

12   BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

13       64.    Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of

14   the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

15       65.    Defendant ROSS BAYS, acting or purporting to act in the performance of his official

16   duties as a law enforcement officer, used excessive and unreasonable force against CARMEN MENDEZ,

17   with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the

18   Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

19       66.    Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and

20   DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have

21   known that law enforcement officers under their command, including Defendant ROSS BAYS, were

22   inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant

23   to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force

24   against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the

25   Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and

26   art. I, § 13 of the California Constitution.

27       67.    Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants CITY OF CERES and

28   CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of

17

*respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

68.     Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

69.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, and punitive damages against Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SIXTH CLAIM

### Assault/Battery

70.     This Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and ROSS BAYS.

71.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

72.     Defendant ROSS BAYS caused CARMEN MENDEZ to be touched with the intent to harm him, without consent, and that touching constituted use of excessive and unreasonable force.

73.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ROSS BAYS.

74.     Defendant ROSS BAYS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

18

75.     As a direct and proximate result of Defendant ROSS BAYS 's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and ROSS BAYS, and punitive damages against Defendant ROSS BAYS.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

76.     This Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

77.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

78.     Defendant ROSS BAYS owed CARMEN MENDEZ a duty of care and breached that duty by using excessive and unreasonable force against CARMEN MENDEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

79.     Defendants BRENT SMITH and DOE 26 to 50 owed CARMEN MENDEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendant ROSS BAYS, who was incompetent or unfit, and where Defendants BRENT SMITH and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendant ROSS BAYS created a particular risk or hazard that caused CARMEN MENDEZ's death.

80.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

81.     Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

19

82.   As a direct and proximate result of Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, and punitive damages against Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

### EIGHTH CLAIM

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

83.   This Claim is asserted by Plaintiff JORGE MENDEZ, SR. against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

84.   Plaintiff JORGE MENDEZ, SR. reallege and incorporate the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

85.   Defendant ROSS BAYS used excessive and unreasonable force against CARMEN MENDEZ, employed improper tactical conduct, and/or made improper decisions preceding the use of excessive and unreasonable force, in violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, art. I, § 13 of the California Constitution, and common law rights concerning assault/battery and negligence, causing CARMEN MENDEZ's death.

86.   Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendant ROSS BAYS, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution, causing CARMEN MENDEZ's death.

20

87.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

88.     Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JORGE MENDEZ, SR.

89.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50's actions and inactions, Plaintiff JORGE MENDEZ, SR. suffered injuries entitling him to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, and punitive damages against Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50.

WHEREFORE, Plaintiff JORGE MENDEZ, SR. prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ seek Judgment as follows:

1.     For an award of compensatory, general, and special damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants BRENT SMITH, ROSS BAYS, and DOE 26 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 29, 2019                              Respectfully Submitted,

By: _____
        Mark E. Merin
        Paul H. Masuhara
        LAW OFFICE OF MARK E. MERIN
        1010 F Street, Suite 300
        Sacramento, California 95814
        Telephone:      (916) 443-6911
        Facsimile:       (916) 447-8336

        A. Peter Rausch, Jr.
        LAW OFFICES OF A. PETER RAUSCH, JR.
        1930 Tienda Drive, Suite 106
        Lodi, California 95242
        Telephone:      (209) 952-5000
        Facsimile:       (209) 339-8505

        Attorneys for Plaintiffs
        ESTATE OF CARMEN MENDEZ,
        JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
        KYLAND RILEY, ROSARIO SANCHEZ,
        BERTHA MENDEZ, and DOMINGO MENDEZ

# JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ.

Dated: July 29, 2019                          Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:      (916) 443-6911
    Facsimile:      (916) 447-8336

    A. Peter Rausch, Jr.
    LAW OFFICES OF A. PETER RAUSCH, JR.
    1930 Tienda Drive, Suite 106
    Lodi, California 95242
    Telephone:      (209) 952-5000
    Facsimile:      (209) 339-8505

    Attorneys for Plaintiffs
    ESTATE OF CARMEN MENDEZ,
    JORGE MENDEZ, SR., JORGE MENDEZ, JR.,
    KYLAND RILEY, ROSARIO SANCHEZ,
    BERTHA MENDEZ, and DOMINGO MENDEZ