UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CARMEN MENDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CERES, et al., <br><br> Defendants. | Case No. 1:18-cv-01677-LJO-BAM <br><br> ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE CONSOLIDATED WITH <u>ESTATE OF CARMEN MENDEZ, ET AL. V. CITY OF CERES, ET AL.</u>, CASE NO. 1:19-CV-00939-LJO-BAM <br><br> **RESPONSE DUE by August 30, 2019** |

On July 15, 2019, Plaintiffs filed a Notice of Related Case under Local Rule 123(a). (Doc. No. 21.) On July 18, 2019, the Court issued an order in *Estate of Carmen Mendez, et al. v. City of Ceres, et al.,* Case No. 1:19-cv-00939-LJO-BAM, relating that case and the above-captioned action under Local Rule 123(a). The matters have therefore been assigned to the same district judge and magistrate judge to promote efficiency and economy for the Court and parties. Further review of the complaints in these related cases suggests that they should be consolidated pursuant to Federal Rule of Civil Procedure 42.

Rule 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by

1

consolidation. *Sw. Marine, Inc. v. Triple A. Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The Court has reviewed the complaint in this case as well as the complaint in *Estate of Carmen Mendez, et al. v. City of Ceres, et al.,* Case No. 1:19-cv-00939-LJO-BAM. Both complaints appear to be based on the same factual allegations concerning the death of Carmen Mendez allegedly caused by law enforcement officers employed by the City of Ceres, Ceres Police Department, and Chief of Police Brent Smith. Both complaints assert that the Defendants violated the Plaintiffs' civil and constitutional rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, Article I Section 13 of the California Constitution, California Civil Codes Sections 52.1(b) and 377.60, as well as setting forth claims for assault/battery and negligence. Additionally, both complaints name the same individuals and entities as defendants and are likewise filed on behalf of the Estate of Carmen Mendez as well as other individual relatives of the decedent. Thus, in the interests of judicial economy and convenience, it appears that the above-captioned case should be consolidated with *Estate of Carmen Mendez, et al. v. City of Ceres, et al.,* Case No. 1:19-cv-00939-LJO-BAM pursuant to Federal Rule of Civil Procedure 42(a)(2).

Accordingly, the parties are hereby ORDERED TO SHOW CAUSE why this action should not be consolidated with *Estate of Carmen Mendez, et al. v. City of Ceres, et al.,* Case No. 1:19-cv-00939-LJO-BAM. Each party shall file a written response by no later than **August 30, 2019,** showing cause why these related actions should not be consolidated and merged into one case or stating the party's **non-opposition** to consolidation.

**Failure to respond to this order may result in the imposition of sanctions, including monetary sanctions and/or dismissal of this action.**

IT IS SO ORDERED.

Dated: __August 14, 2019__  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2