UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CARMEN MENDEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CERES, et al.,<br><br>Defendants. | Case No. 1:19-cv-00939-LJO-BAM<br><br>ORDER CONSOLIDATING CASES AND MERGING MATTER IN TO ESTATE OF CARMEN MENDEZ, ET AL. V. CITY OF CERES, ET AL., CASE NO. 1:18-CV-01677-LJO-BAM |

On July 18, 2019 this matter was related to *Estate of Carmen Mendez, et al. v. City of Ceres, et al.*, Case No. 1:18-cv-1677-LJO-BAM ("*Estate of Carmen Mendez I*") and reassigned to the undersigned. (Doc. No. 5.)

On August 14, 2019, the parties in this matter and in *Estate of Carmen Mendez I* were ordered to show cause why these cases should not be consolidated and merged into a single case. (Doc. No. 9; *Estate of Carmen Mendez I,* Doc No. 26.) Plaintiffs in this matter[1] and the parties in *Estate of Carmen Mendez I* responded by indicating that they do not oppose consolidation. (Doc. No. 12; *Estate of Carmen Mendez I,* Doc. Nos. 27, 28.)

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

---

[1] Defendants have not yet appeared in this case. Counsel for Defendants in *Estate of Carmen Mendez I* was served with a courtesy copy of the Court's order to show cause issued in this case. (*See* Doc. No. 10.)

1

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  A district court has broad discretion to determine whether and to what extent consolidation is appropriate.  *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016); *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).  "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties."  *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972); *see also Schnabel v. Lui*, 302 F.3d 1023, 1034–35 (9th Cir. 2002).

Here, this case and *Estate of Carmen Mendez I* basically are the same.  Both cases are based on the same factual allegations concerning the death of Carmen Mendez caused by law enforcement officers employed by the City of Ceres, Ceres Police Department, and Chief of Police Brent Smith. Both complaints assert that the defendants violated the plaintiffs' civil and constitutional rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and Article I Section 13 of the California Constitution, California Civil Codes Sections 52.1(b) and 377.60 and further set forth claims for assault/battery and negligence.  Additionally, both complaints name the same individuals and entities as defendants and are likewise filed on behalf of the Estate of Carmen Mendez as well as other individual relatives of the decedent. Thus, good cause exists to consolidate these related cases as consolidation would conserve judicial resources and there is no apparent inconvenience, delay, or expense that would result.  In the absence of any opposition, there is no good reason not to consolidate and merge these actions for all purposes into one case.  *Cf. Sanchez v. Servis One, Inc.,* CASE NO. 18cv0586 JM(JMA), 2018 WL 2329717, at *2 (S.D. Cal. May 23, 2018); *Intertex, Inc. v. Dri-Eaz Prods., Inc.*, No. C13–165–RSM, 2013 WL 2635028, at *3–4 (W.D. Wash. June 11, 2013).  Therefore, the Court will consolidate and merge this case with *Estate of Carmen Mendez I.*

In light of the consolidation, the Court notes that this matter is scheduled for a Settlement Conference before Magistrate Judge Kendall J. Newman on October 8, 2019, at 9:00 AM in

2

| | |
|---|---|
| 1 | Courtroom 25 at the United States District Court, 501 I Street, Sacramento, California 95814. |
| 2 | (*See Estate of Carmen Mendez I,* Doc. Nos. 19, 20.) The parties are directed to contact Judge |
| 3 | Newman if an alternate date and time for the Settlement Conference is necessary in order to |
| 4 | accommodate the schedules of counsel and the parties. |

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall consolidate for all purposes and merge this case with *Estate of Carmen Mendez, et al. v. City of Ceres, et al.*, Case No. 1:18-cv-1677-LJO-BAM, with Case No. 1:18-cv-1677-LJO-BAM designated as the lead case;

2. All future filings and correspondence shall bear Case No. 1:18-cv-1677-LJO-BAM, and no further filings shall be made in this case (1:19-cv-00939-LJO-BAM);

3. The Clerk of Court shall file Doc. Nos. 2, 5, 9, and 12 on the docket of Case No. 1:18-cv-1677-LJO-BAM;

4. The Clerk of Court shall administratively close this case;[2] and

5. The Clerk of Court shall file a copy of this order in Case No. 1:18-cv-1677-LJO-BAM.

IT IS SO ORDERED.

Dated: __**August 27, 2019**__          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court notes that administratively closing this case has no impact whatsoever on the merits.

3