**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
BRUCE D. PRAET SBN 119430
bpraet@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
CITY OF CERES, CERES POLICE DEPARTMENT and
BRENT SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDEZ, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDEZ, and DOMINGO MENDEZ,

Plaintiffs,

vs.

CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, ROSS BAYS, and DOE 26 to 50,

Defendants.

No. 1:18-cv-01677-LJO-BAM

Hon. Lawrence J. O'Neill

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT DOCKET NUMBER 23 AND DEMAND FOR JURY TRIAL**

COMES NOW, Defendants, CITY OF CERES, CERES POLICE DEPARTMENT, and BRENT SMITH, and answering the unverified Complaint of the Plaintiffs, ESTATE OF CARMEN MENDEZ, JORGE MENDEZ, SR., JORGE MENDES, JR., KYLAND RILEY, ROSARIO SANCHEZ, BERTHA MENDES, and DOMINGO MENDEZ, for themselves alone and pursuant to *F.R.Civ.P.*, Rule 8, admit, deny and allege, as follows:

For answer to Plaintiffs' unnumbered introductory paragraph, Defendants deny the allegations in said paragraph as phrased.

1. For answer to paragraph one, Defendants admit jurisdiction, but deny the remainder of said paragraph.

2. For answer to paragraph two, Defendants venue is proper, but deny the remainder of said paragraph.

3. For answer to paragraph three, Defendants admit the allegations in said paragraph.

4. For answer to paragraph four, Defendants admit the allegations in said paragraph.

5. For answer to paragraph five, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

6. For answer to paragraph six, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

7. For answer to paragraph seven, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

8. For answer to paragraph eight, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

9. For answer to paragraph nine, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

10. For answer to paragraph ten, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

11. For answer to paragraph eleven, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

12. For answer to paragraph twelve, Defendants admit that City of Ceres is a public entity.

13. For answer to paragraph thirteen, Defendants admit that Ceres Police Department is a department of the City of Ceres which is a public entity.

14. For answer to paragraph fourteen, Defendants admit the allegations in said paragraph.

15. For answer to paragraph fifteen, Defendants admit the allegations in said paragraph.

16. For answer to paragraph sixteen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

17. For answer to paragraph seventeen, including sub-parts (a) through (f), Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

18. For answer to paragraph eighteen, Defendants reassert and incorporate their responses to paragraphs 1 through 17, above, as if fully set forth herein.

19. For answer to paragraph nineteen, Defendants deny the allegations in said paragraph as phrased.

20. For answer to paragraph twenty, Defendants deny the allegations in said paragraph as phrased.

21. For answer to paragraph twenty-one, Defendants admit that Carmen Mendez was being pursued by law enforcement but deny the remaining allegations in said paragraph as phrased.

22. For answer to paragraph twenty-two, Defendants deny the allegations in said paragraph as phrased.

23. For answer to paragraph twenty-three, Defendants admit that Carmen Mendez was fleeing law enforcement but deny the remaining allegations in said paragraph.

24. For answer to paragraph twenty-four, Defendants deny the allegations in said paragraph as phrased.

25. For answer to paragraph twenty-five, Defendants deny the allegations in said paragraph.

26. For answer to paragraph twenty-six, Defendants deny the allegations in said paragraph.

27. For answer to paragraph twenty-seven, Defendants deny the allegations in said paragraph as phrased.

28. For answer to paragraph twenty-eight, Defendants deny the allegations in said paragraph as phrased.

29. For answer to paragraph twenty-nine, Defendants admit the allegations in said paragraph.

30. For answer to paragraph thirty, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

31. For answer to paragraph thirty-one, Defendants deny the allegations in said paragraph.

32. For answer to paragraph thirty-two, Defendants deny the allegations in said paragraph including all sub-parts.

33. For answer to paragraph thirty-three, Defendants deny the allegations in said paragraph.

34. For answer to paragraph thirty-four, Defendants deny the allegations in said paragraph including all sub-parts.

35. For answer to paragraph thirty-five, Defendants deny the allegations in said paragraph including all sub-parts.

36. For answer to paragraph thirty-six, Defendants deny the allegations in said paragraph.

37. For answer to paragraph thirty-seven, Defendants deny the allegations in said paragraph.

38. For answer to paragraph thirty-eight, Defendants deny the allegations in said paragraph.

39. For answer to paragraph thirty-nine, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

40. For answer to paragraph forty, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

41. For answer to paragraph forty-one, Defendants reassert and incorporate their responses to paragraphs 1 through 40, above, as if fully set forth herein.

42. For answer to paragraph forty-two, Defendants deny the allegations in said paragraph.

43. For answer to paragraph forty-three, Defendants deny the allegations in said paragraph.

44. For answer to paragraph forty-four, Defendants deny the allegations in said paragraph.

45. For answer to paragraph forty-five, Defendants deny the allegations in said paragraph.

46. For answer to paragraph forty-six, lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

47. For answer to paragraph forty-seven, Defendants reassert and incorporate their responses to paragraphs 1 through 46, above, as if fully set forth herein.

48. For answer to paragraph forty-eight, Defendants deny the allegations in said paragraph.

49. For answer to paragraph forty-nine, Defendants deny the allegations in said paragraph.

50. For answer to paragraph fifty, Defendants deny the allegations in said paragraph.

51. For answer to paragraph fifty-one, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

52. For answer to paragraph fifty-two, Defendants deny the allegations in said paragraph.

53. For answer to paragraph fifty-three, Defendants deny the allegations in said paragraph.

54. For answer to paragraph fifty-four, Defendants deny the allegations in said paragraph.

55. For answer to paragraph fifty-five, Defendants deny the allegations in said paragraph.

56. For answer to paragraph fifty-six, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

57. For answer to paragraph fifty-seven, Defendants reassert and incorporate their responses to paragraphs 1 through 56, above, as if fully set forth herein.

58. For answer to paragraph fifty-eight, Defendants deny the allegations in said paragraph.

59. For answer to paragraph fifty-nine, Defendants deny the allegations in said paragraph.

60. For answer to paragraph sixty, Defendants deny the allegations in said paragraph.

61. For answer to paragraph sixty-one, Defendants deny the allegations in said paragraph.

62. For answer to paragraph sixty-two, Defendants deny the allegations in said paragraph.

63. For answer to paragraph sixty-three, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

64. For answer to paragraph sixty-four, Defendants reassert and incorporate their responses to paragraphs 1 through 63, above, as if fully set forth herein.

65. For answer to paragraph sixty-five, Defendants deny the allegations in said paragraph

66. For answer to paragraph sixty-six, Defendants deny the allegations in said paragraph.

67. For answer to paragraph sixty-seven, Defendants deny the allegations in said paragraph.

68. For answer to paragraph sixty-eight, Defendants deny the allegations in said paragraph.

69. For answer to paragraph sixty-nine, Defendants deny the allegations in said paragraph.

70. For answer to paragraph seventy, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

71. For answer to paragraph seventy-one, Defendants reassert and incorporate their responses to paragraphs 1 through 70, above, as if fully set forth herein.

72. For answer to paragraph seventy-two, Defendants deny the allegations in said paragraph.

73. For answer to paragraph seventy-three, Defendants deny the allegations in said paragraph.

74. For answer to paragraph seventy-four, Defendants deny the allegations in said paragraph.

75. For answer to paragraph seventy-five, Defendants deny the allegations in said paragraph.

76. For answer to paragraph seventy-six, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

77. For answer to paragraph seventy-seven, Defendants reassert and incorporate their respones to paragraphs 1 through 76, above, as if fully set forth herein.

78. For answer to paragraph seventy-eight, Defendants deny the allegations in said paragraph.

79. For answer to paragraph seventy-nine, Defendants deny the allegations in said paragraph.

80. For answer to paragraph eighty, Defendants deny the allegations in said paragraph.

81. For answer to paragraph eighty-one, Defendants deny the allegations in said paragraph.

82. For answer to paragraph eighty-two, Defendants deny the allegations in said paragraph.

83. For answer to paragraph eighty-three, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

84. For answer to paragraph eighty-four, Defendants reassert and incorporate their responses to paragraphs 1 through 83, above, as if fully set forth herein.

85. For answer to paragraph eighty-five, Defendants deny the allegations in said paragraph.

86. For answer to paragraph eighty-six, Defendants deny the allegations in said paragraph.

87. For answer to paragraph eighty-seven, Defendants deny the allegations in said paragraph.

88. For answer to paragraph eighty-eight, Defendants deny the allegations in said paragraph.

89. For answer to paragraph eighty-nine, Defendants deny the allegations in said paragraph.

90. For answer to Plaintiffs' Prayer, Defendants deny the assertions therein including all sub-parts.

FIRST AFFIRMATIVE DEFENSE

91. As and for a first, separate and distinct affirmative defense, these answering Defendants allege that any City of Ceres employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting peace officers/employees of the City of Ceres and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers so as to apply all affirmative defenses afforded to those acting in such capacity.

SECOND AFFIRMATIVE DEFENSE

92. As and for a second, separate and distinct affirmative defense, these answering Defendants allege that the City of Ceres and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Ceres and as peace officers for the State of California.

THIRD AFFIRMATIVE DEFENSE

93. As and for a third, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiffs were due to and caused by the negligence and omissions of Plaintiffs and Plaintiffs' decedent to care for

himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and their decedent.

FOURTH AFFIRMATIVE DEFENSE

94. As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his office, and not by reason of any unlawful acts or omissions by these Defendants.

FIFTH AFFIRMATIVE DEFENSE

95. As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any force used was objectively reasonable under the totality of the individual officers at the time.

SIXTH AFFIRMATIVE DEFENSE

96. As and for a sixth, separate and distinct affirmative defense, applying to Plaintiffs' state causes of action, these answering Defendants allege that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him pursuant to *Government Code § 820.2.*

SEVENTH AFFIRMATIVE DEFENSE

97. As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

EIGHTH AFFIRMATIVE DEFENSE

98. As and for an eighth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that any detriment occurred, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

NINTH AFFIRMATIVE DEFENSE

99. As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

TENTH AFFIRMATIVE DEFENSE

100. As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that as to Plaintiffs' state causes of action, Plaintiffs have failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

ELEVENTH AFFIRMATIVE DEFENSE

101. As and for an eleventh, separate and distinct affirmative defense, these answering Defendants allege that as to Plaintiffs' federal causes of action, individual public employees are immune from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

TWELFTH AFFIRMATIVE DEFENSE

102. As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that as to Plaintiffs' state cause of action, no public

///

employee exercising due care is liable for any acts or omissions in the execution or enforcement of any law pursuant to *Government Code § 820.4.*

THIRTEENTH AFFIRMATIVE DEFENSE

103. As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that no Defendant(s) acted with the requisite intent to violate the Bane Act.

FOURTEENTH AFFIRMATIVE DEFENSE

104. As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that as to Plaintiffs' state claims, neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest pursuant to *Government Code § 845.8.*

FIFTEENTH AFFIRMATIVE DEFENSE

105. As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that had reasonable cause to believe that a public offense was being committed in their presence and that Plaintiffs' decedent had committed that and other public offenses.

SIXTEENTH AFFIRMATIVE DEFENSE

106. As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Defendants are not liable for a reasonable, but mistaken belief.

SEVENTEENTH AFFIRMATIVE DEFENSE

107. As and for an seventeenth, separate and distinct affirmative defense, these answer Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with these Defendants.

///

///

EIGHTEENTH AFFIRMATIVE DEFENSE

108. As and for a eighteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have no standing to bring this action and have failed to fully comply with *California Civil Code* § 377 et seq.

NINETEENTH AFFIRMATIVE DEFENSE

109. As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that the City of Ceres has and had no custom, policy or practice of violating the civil rights of any individual(s).

TWENTIETH AFFIRMATIVE DEFENSE

110. As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that all employees were adequately trained, hired and retained as peace officers for the City of Ceres and that none of these Defendants acted with deliberate indifference or reckless disregard to the constitutional rights of any Plaintiff or Plaintiffs' decedent.

TWENTY-FIRST AFFIRMATIVE DEFENSE

111. As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that siblings have no legal standing under the First Amendment or any other theory of liability.

TWENTY-SECOND AFFIRMATIVE DEFENSE

112. As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that the City of Ceres may not be held liable for punitive damages.

TWENTY-THIRD AFFIRMATIVE DEFENSE

113. As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to

the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, these Defendants pray for judgment against the Plaintiffs herein as follows:

1. That the complaint be dismissed with prejudice;

2. That the Plaintiffs take nothing by way of this complaint;

3. For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil Procedure*, §§ 1021.7 and 1038;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court may deem just and proper.

DATED: August 28, 2019

FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen, SBN 263651
Attorneys for Defendant City of Ceres, Ceres Police Department and Brent Smith

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury in the above-referenced matter.

DATED: August 28, 2019

FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen, SBN 263651
Attorneys for Defendant City of Ceres, Ceres Police Department and Brent Smith

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On August 28, 2019, I served the foregoing **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT DOCKET NUMBER 23 AND DEMAND FOR JURY TRIAL;** on the interested parties in this action:

A. Peter Rausch, Jr., Esq.
Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106
Lodi, CA 95242
Attorney for Plaintiffs Estate of Carmen Mendez, Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, Domingo Mendez

Paul H. Masuhara, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Attorney for Plaintiffs Estate of Carmen Mendez, Jorge Mendez, Sr., Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez, Bertha Mendez, Domingo Mendez

Lawrence T. Niermeyer, Esq.
Moorad, Clark & Stewart
1420 F Street, 2nd Floor
Modesto, CA 95354
Attorney for Plaintiffs Estate of Carmen Mendez and Stephanie Beidleman

____ (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2019, at Santa Ana, California.

/s/ Cathy Sherman
Cathy Sherman