1

2                                    UNITED STATES DISTRICT COURT

3                                    EASTERN DISTRICT OF CALIFORNIA

4

5   ESTATE OF CARMEN MENDEZ, JORGE           Case No. 1:18-cv-01677-LJO-BAM
    MENDEZ, SR., JORGE MENDEZ, JR.,
6   KYLAND RILEY, ROSARIO SANCHEZ,            STIPULATED PROTECTIVE ORDER
    BERTHA MENDEZ, and DOMINGO
7   MENDEZ,

8                              Plaintiffs,

9           v.

10  CITY OF CERES, CERES POLICE
    DEPARTMENT, BRENT SMITH, ROSS
11  BAYS, and DOE 26 to 50,

12                              Defendants.

13

14  1.      PURPOSES AND LIMITATIONS

15          Disclosure and discovery activity in this action are likely to involve production of

16  confidential, proprietary, or private information for which special protection from public disclosure

17  and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

18  pursuant to Eastern District Local Rule 141.1(c), the parties hereby stipulate to and petition the court

19  to enter the following Stipulated Protective Order.  The information for which protection is sought

20  includes portions of personnel files, internal affairs files and internal investigation files of the City of

21  Ceres and its Police Department.

22          A Protective Order is sought so the documents and information can be used by the parties in

23  preparation for trial and shared with persons who would not be subject to a private agreement

24  between the parties.  The parties acknowledge that this Order does not confer blanket protections on

25  all disclosures or responses to discovery and that the protection it affords from public disclosure and

26  use extends only to the limited information or items that are entitled to confidential treatment under

27  the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

28  that this Stipulated Protective Order does not entitle them to file confidential information under seal;

1  Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied

2  when a party seeks permission from the court to file material under seal.

3  2.    DEFINITIONS

4        2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

5  information or items under this Order.

6        2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

7  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

8  Civil Procedure 26(c).

9        2.3    Counsel:  Attorneys (and their support staff) who are retained to represent or advise a

10  party to this action and have appeared in this action on behalf of that party or are affiliated with a

11  law firm which has appeared on behalf of that party.

12        2.4    Designating Party:  a Party or Non-Party that designates information or items it

13  produces in disclosures or in responses to discovery as "CONFIDENTIAL."  The information or

14  items shall be identified as follows: "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL

15  SUBJECT TO PROTECTIVE ORDER, Mendez v. City of Ceres USDC Case no. 1:18-cv-01677-

16  LJO-BAM."

17        2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

18  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

19  transcripts, and tangible things), that are produced or generated in disclosures or responses to

20  discovery in this matter.

21        2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

22  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

23  consultant in this action.

24        2.7    Non-Party:  any natural person, partnership, corporation, association, or other legal

25  entity not named as a Party to this action.

26        2.8    Party:  any party to this action, including all of its officers, directors, employees,

27  consultants, retained experts, and Counsel (and their support staff).

28        2.9    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

2

1    Material in this action.

2        2.10    Professional Vendors:  persons or entities that provide litigation support services

3    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

4    storing, or retrieving data in any form or medium) and their employees and subcontractors.

5        2.11    Protected Material:  any Disclosure or Discovery Material that is designated as

6    "CONFIDENTIAL."

7        2.12    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

8    Producing Party.

9    3.    SCOPE

10       The protections conferred by this Stipulation and Order cover not only Protected Material (as

11   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

12   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

13   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

14   However, the protections conferred by this Stipulation and Order do not cover the following

15   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

16   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

17   publication not involving a violation of this Order, including becoming part of the public record

18   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

19   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

20   information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

21   Protected Material at trial shall be governed by a separate agreement or order.

22   4.    DURATION

23       Even after final disposition of this litigation, the confidentiality obligations imposed by this

24   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

25   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

26   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

27   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

28   time limits for filing any motions or applications for extension of time pursuant to applicable law.

3

1    5.      PROTECTED MATERIAL

2        5.1     Protected Material.

3        Defendants will produce confidential material subject to this Protective Order on the

4    following conditions:

5        (a) Documents Subject to Disclosure Limited to This Action. The documents requested by

6    Plaintiffs through discovery come from the personnel files, internal investigations files and internal

7    affairs files of the City of Ceres and its Police Department portions of which may be protected by the

8    California Peace Officers Bill of Rights, the federal common law qualified privilege known as the

9    Official Information Privilege, the federal deliberative-executive process privilege, federal attorney-

10   client privilege and/or attorney work product protection in the personnel files of peace officers,

11   California Evidence Code §1040, et seq., California Penal Code §§832.7 and 832.8, the Right to

12   Privacy of the defendant officers and third-party non-defendant City of Ceres employees, victims,

13   and minors as guaranteed by the United States Constitution and the California Constitution (Cal.

14   Const., Art. 1, §1).

15       The confidential documents and the information contained therein shall be used solely in

16   connection with this litigation, including appeals, and not for any other purpose, including other

17   litigation.

18       (b) Redaction of Confidential Information. Considering the privacy concerns which may be

19   applicable to portions of materials in the personnel files, internal affairs files and internal

20   investigation files, Defendants shall redact the identities of minors or domestic violence victims and

21   personal identifying information (social security numbers, month and day of birth, driver's license

22   numbers, and home addresses). Each Party or Non-Party that designates information or items for

23   protection under this Order must take care to limit any such designation to specific material that

24   qualifies under the appropriate standards. The Designating Party must designate for protection only

25   those parts of material, documents, items, or oral or written communications that qualify – so that

26   other portions of the material, documents, items, or communications for which protection is not

27   warranted are not swept unjustifiably within the ambit of this Order.

28

1    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

2    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

3    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

4    designated before the material is disclosed or produced.

5        Designation in conformity with this Order requires:

6        (a)  for information in documentary form (e.g., paper or electronic documents, but

7    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

8    affix the legend "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL SUBJECT TO

9    PROTECTIVE ORDER, Mendez v. City of Ceres USDC Case no. 1:18-cv-01677-LJO-BAM"

10   pursuant to section 2.4 above, to each page that contains protected material.

11       (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

12   Designating Party identify on the record, before the close of the deposition, hearing, or other

13   proceeding, all protected testimony.

14       (c)  for information produced in some form other than documentary and for any other

15   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

16   containers in which the information or item is stored the legend "CONFIDENTIAL" or

17   "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, Mendez v. City of Ceres

18   USDC Case no. 1:18-cv-01677-LJO-BAM." If only a portion or portions of the information or item

19   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

20   portion(s).

21   5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

22   designate qualified information or items does not, standing alone, waive the Designating Party's

23   right to secure protection under this Order for such material. Upon timely correction of a

24   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

25   accordance with the provisions of this Order.

26   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

27   6.1    Good Faith Designation.  Because the Receiving Party may not have had an

28   opportunity to view documents designated as confidential under this Order prior to disclosure, the

5

Designating Party acts in good faith in designating such materials as confidential and with the good faith belief that such materials would qualify for protection under the Federal Rules and not solely on a blanket or indiscriminate basis.

6.2     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any Party or Non-Party to this action may challenge the appropriateness of the Order at any time, including after the action has been disposed or terminated.  Any Party or Non-Party challenging this Order for any reason shall comply with the terms of this Order during the pendency of any such challenge.  This Court retains jurisdiction of this Order.

6.3     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each document it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the challenged material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.4     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties shall request an informal discovery dispute conference pursuant to the undersigned Magistrate Judge's case management procedures.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

7

1   bound by the court reporter and may not be disclosed to anyone except as permitted under this

2   Stipulated Protective Order.  Witnesses shall not leave the deposition with a copy of

3   CONFIDENTIAL documents unless expressly agreed to on the record by the Designating Party.

4          (g)  the author or recipient of a document containing the information or a custodian or

5   other person who otherwise possessed or knew the information.

6   8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

7          LITIGATION

8          If a Party is served with a subpoena or a court order issued in other litigation that compels

9   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

10  must:

11         (a)  promptly notify in writing the Designating Party. Such notification shall include a

12  copy of the subpoena or court order;

13         (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

14  other litigation that some or all of the material covered by the subpoena or order is subject to this

15  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

16         (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

17  Designating Party whose Protected Material may be affected.

18         If the Designating Party timely seeks a protective order, the Party served with the subpoena

19  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

20  before a determination by the court from which the subpoena or order issued, unless the Party has

21  obtained the Designating Party's permission. The Designating Party shall bear the burden and

22  expense of seeking protection in that court of its confidential material.

23  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

24         LITIGATION

25         (a)  The terms of this Order are applicable to information produced by a Non-Party in this

26  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

27  connection with this litigation is protected by the remedies and relief provided by this Order.

28  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

protections.

       (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       (3) make the information requested available for inspection by the Non-Party.

       (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

       MATERIAL

       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

9

material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek

its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order

no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by

this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a

court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant

to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order

will issue only upon a request establishing that the Protected Material at issue is privileged,

protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's

request to file Protected Material under seal is denied by the court, then the Receiving Party may file

the information in the public record unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether

the Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: September 26, 2019      LAW OFFICE OF MARK E. MERIN

      */s/ Mark E. Merin*


_____

Mark E. Merin
Attorney for Plaintiffs
Estate of Carmen Mendez, Jorge Mendez, Sr.,
Jorge Mendez, Jr., Kyland Riley, Rosario Sanchez,
Bertha Mendez, and Domingo Mendez


DATED: September 26, 2019      LAW OFFICES OF MOORAD, CLARK & STEWART


      */s/ Adam J. Stewart*
      (as authorized on September 26, 2019)

_____

Adam J. Stewart
Attorney for Plaintiffs
Estate of Carmen Mendez and Stephanie Beidleman


DATED: September 26, 2019      LAW OFFICES OF FERGUSON, PRAET & SHERMAN

      */s/ Allen Christiansen*
      (as authorized on September 26, 2019)

_____

Allen Christiansen
Attorneys for Defendants City of Ceres, Ceres Police
Department, Brent Smith, and Ross Bays

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of Mendez v. City of Ceres USDC Case no. 1:18-cv-01677-LJO-BAM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated: **September 26, 2019**           /s/ *Barbara A. McAuliffe*        _
                                        UNITED STATES MAGISTRATE JUDGE